No. 613

## BRIGGS v. KLOSSE.

EASEMENT.—*Party Wall.*—*Right to Support.*—*Injury Thereto.*—*Independent Contractor.*—The right of support by a party wall situated in part upon each of two adjoining parcels of land owned by different persons is an easement, and if one of the owners interferes with it for the purpose of making improvements within the limits of his own lot without the consent of the other owner, so as to injure the other's building, he is liable for the injury. No degree of care or diligence will relieve him from liability for the injury caused by making such improvements. He can not protect himself by making a contract for the work with a third person, exercising an independent employment. When the digging which caused the injury was a necessary incident of the work which the owner ordered the contractor to do, and not merely collateral thereto, the owner will be liable.

PRACTICE.—*Pleading.*—*Departure.*—*Objection After Verdict.*—If a special paragraph of reply contained any matter which made the reply a departure, the pleading could not, after verdict, be objected to for such a reason in connection with the question as to the sufficiency of the evidence presented by the motion for a new trial.

From the Floyd Circuit Court.

*J. V. Kelso* and *C. D. Kelso,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

BLACK, J.—The appellee sued the appellant, the complaint being in two paragraphs. In the first paragraph it was alleged, in substance, that on the 1st of October, 1890, and on divers other days between that day and the bringing of this action, the appellant wrongfully and unlawfully, without leave, entered upon certain described real estate in the city of New Albany, of which the appellee was the owner and lawfully in possession, and did cut, dig and undermine the walls of the house on appellee's said real estate, and did break, injure and deface the walls, and did break, injure and destroy the plastering and paper on the walls of said building, to the appellee's damage, etc.

In the second paragraph it was alleged, in substance, that on the 1st of October, 1890, the appellee was the owner and lawfully in possession of certain real estate in said city, being a described portion of a certain lot; that the appellant was the owner and in possession of a part of said lot adjoining on the south the appellee's said part thereof, and extending along the entire south line of appellee's said real estate; " that there was and is a party wall between the building of plaintiff and of said defendant; that said wall is built one-half upon the ground of this plaintiff and one-half upon the ground of said defendant, and is owned by plaintiff and defendant jointly; that on said day the defendant carelessly, negligently and without leave, dug down and around the foundation of said party wall and undermined the same, thereby causing the said party wall to move from its foundation and to settle down, to break, crack and become insecure and unsafe, and thereby causing the partitions of plaintiff's said building to settle and sink down, and to break and destroy the plastering and paper upon the walls of the plaintiff's building, and to cause plaintiff's building to so settle and sink down as to throw the plaintiff's doors and partition walls out of position, rendering said doors unfit for use, and thereby injuring the plaintiff's building in the sum of two thousand dollars, to the plaintiff's damage in the sum of two thousand dollars; that said injuries were sustained without fault or negligence on the part of the plaintiff, but solely because of the negligence of defendant aforesaid. Wherefore," etc.

A demurrer to the second paragraph of complaint having been overruled, the appellant answered the first paragraph by a general denial. A second paragraph of answer was filed which afterward was withdrawn.

By a third paragraph of answer, addressed to the second paragraph of complaint, the appellant admitted that the appellee was the owner of the premises described as hers in the second paragraph of complaint, and that the appellant was

Briggs *v.* Klosse.

the owner of the premises south of and adjacent to the appellee's said premises; and it was alleged that on or about the first of October, 1890, the appellant contracted with William W. Plumer and three other persons named, who were doing business under the firm name of Plumer & Co., to place a system of water pipes in appellant's said premises; that said members of said firm of Plumer & Co. were skilful, reliable and competent plumbers and mechanics, and by the terms of said contract said firm was to have and did have and exercise exclusive control and direction in placing and constructing said system of water pipes to its completion; that neither the appellant nor any agent, servant or person in his employ or under his direction or control had any charge or management thereof; that the acts, deeds, matters and things alleged to have been the cause of the injuries and damages to appellee's wall and building were in no respect the acts of the appellant or of his servants or agents or of any person in his employ, but, on the contrary, were caused by said firm's digging a trench in appellant's cellar for the purpose of placing the lead pipes of said system of water pipes therein to prevent freezing.

To this paragraph of answer the appellee replied by general denial and by a second paragraph alleging, in substance, that the wall in question was a party wall of the appellee and the appellant; that one-half of said party wall was, and for more than twenty years before the grievances in the complaint mentioned had been, the property of the appellee and her grantors; that said wall was an ancient wall, and for more than twenty years had been supported as such by the earth and lands of the appellant, the digging away and removal of which caused the injuries in the complaint set out; that the appellant dug away and removed the earth supporting said wall, and thereby caused it to break and fall away, without any notice whatever to appellee; that the appellant intended so to dig away the earth or weaken the support of said wall, and without giving any opportunity to the appel-

lee to protect said wall or her domicile, of which said party wall formed a part, from the effects and injuries which followed the removal of the earth and support aforesaid.

There was a general verdict for the appellee for three hundred and fifteen dollars. The appellant's motion for a new trial was overruled, and judgment was rendered on the verdict.

The overruling of the demurrer to the second paragraph of the complaint, and the overruling of the motion for a new trial are assigned as errors.

The question here presented is not one involving the natural right of lateral support of land, or one involving the question as to want of due care and skill in the making of an excavation, whereby a building situated wholly upon the adjoining land of the complaining party has been damaged by reason of the removal of its support. See *Block* v. *Haseltine*, 3 Ind. App. 491.

The injury in question was the removal of support of a party wall. There was a single wall, one-half on the land of the appellant, the other half on the land of the appellee. It was alleged in the second paragraph of the complaint to be a party wall between the buildings, and that it was owned by the parties jointly. It was alleged in that paragraph that the appellant carelessly and negligently, and without leave, dug down, etc., and undermined the wall, etc., and that the injuries complained of were sustained without fault or negligence on the part of the appellee, but solely because of the alleged negligence of the appellant.

The third paragraph of answer, the only answer to the second paragraph of the complaint, admitted the ownership of the adjoining premises by the appellee and the appellant, respectively, alleged the doing of the work in question by an independent contractor, and did not otherwise controvert the second paragraph of complaint.

If the special paragraph of reply contained any matter which made the reply a departure, the pleading could not,

after verdict, be objected to for such a reason in connection with the question as to the sufficiency of the evidence presented by the motion for a new trial. *Beard* v. *Hand*, 88 Ind. 183.

It does not appear, either in the pleadings or in the evidence, by whom the wall in question was erected, or under what circumstances; whether the two houses, with the single wall between them, were erected by one person, owning the two parcels of land, or by two persons, each owning one of the parcels of land, or whether or not both houses were erected at the same time. The evidence showed that it was a single wall, one-half on the land of each of the parties, and that it had been enjoyed as a party wall by the appellee for more than twenty years.

The owner of land, in the construction of a house thereon, may make an excavation and lay a foundation and construct thereon a wall immediately adjacent to the boundary line of his land without a grant from the proprietor of the adjoining land, and without regard to his wishes. The owner of the house so erected will have a right to the support of the soil on which his foundation rests, but, in the absence of a grant, will not have a right also to have the lateral support of the house maintained, though the proprietor of the adjoining land will be liable for injury negligently done to such house in excavating his own land.

Inasmuch as the lateral support of a house can not be obtained and enjoyed without a grant, the presumption of the right to the continuance of the enjoyment of lateral support of a house from adjacent land as an easement, because such support has been enjoyed for the period of prescription, has been doubted and denied. *Dodd* v. *Holme,* 1 Ad. & El. 493; *Humphries* v. *Brogden,* 12 Ad. & El. (N. S.) 739; *Wyatt* v. *Harrison,* 3 Barn. & Ad. 871; *Richart* v. *Scott,* 7 Watts (Pa.) 460; *Mitchell* v. *Mayor, etc.,* 49 Ga. 19 (15 Am. Rep. 669); Wharton Neg., section 929; Wood Nuis., section 200.

This case does not require us to decide that question.

The right of support by a party wall situated in part upon each of two adjoining parcels of land owned by different persons is an easement, a grant of which may be implied from its enjoyment for the period of prescription.

In Washburn Easements and Servitudes, 605 (4th ed.), it is said : " But the mere circumstance that a wall stands between two contiguous buildings, and the timbers of the one are supported upon one side of the wall and those of the other upon the other side, will not necessarily make the owners tenants in common of the wall. It may have been built by the parties so as to stand one-half upon the land of each. But it does not, thereby, make them tenants or owners thereof in common. Each would still own his half in severalty, though each may make use of it for the purposes of the support of his building erected upon or against it. But if such joint use of such wall were continued for twenty years, each acquires such a right in common with the other, to enjoy the use and benefit of it, that it becomes thereby properly a party wall, and neither could remove it or render it insufficient to support the building of the other upon it. * * * So, if one proprietor erect two adjoining houses, with a wall between them for the purpose of supporting both buildings, and the same is necessary for that purpose, and he then conveys one of these dwellings by metes and bounds, by a line running through the center of this wall, the grant will not only carry what was within the limits described, but pass, as an easement appurtenant to the grant, a right of support of the house by the entire wall, as well that not included as that within the limits mentioned in the deed."

If such a proprietor part with the several houses at different times, the possessors still enjoy the right to mutual support. *Richards* v. *Rose*, 9 Exch. 218. Each grantee acquires an easement of supporting his building by means of the half of the wall belonging to his neighbor. *Partridge* v. *Gilbert*, 15 N. Y. 601.

In Cooley Torts, 373, it is said : "At the common law

no person was under obligation to unite with his neighbor in building a party wall, or even to furnish his proportion of the land for it to stand upon ; but an erection might be made a party wall by agreement, and if one person allowed another to make use of his wall for the support of a building, and to continue the use for twenty years, the grant of a right to do so was presumed, and the wall became a party wall by prescriptiôn." See *Eno* v. *Del Vecchio*, 4 Duer, 53 ; *Webster* v. *Stevens*, 5 Duer, 553 ; *Dowling* v. *Hennings*, 20 Md. 179.

In *Brooks* v. *Curtis*, 50 N. Y. 639 (10 Am. Rep. 545), it was said : "Although land covered by party wall remains the several property of the owner of each half, yet the title of each owner is qualified by the easement to which the other is entitled ; " and that the party making an addition to the height of the party wall does it at his peril, and if injury results he is liable for all damages. " He must insure the safety of the operation." " The wall is devoted to the purpose of being used for the common benefit of both tenements." " The party making the change, when not required for purposes of repair, is absolutely responsible for any damage which it occasions."

Where adjoining proprietors have a mutual easement in a party wall for the support of their buildings, any act of one party that injuriously affects the other is a nuisance, and actionable as such. Wood Nuis., sections 212, 230.

In *Eno* v. *Del Vecchio*, *supra*, and *Eno* v. *Del Vecchio*, 6 Duer, 17, it was held that neither owner of an easement in a party wall can lawfully remove it or interfere with it, without the consent of the other owner, so as to injure the other's building, and that if he do so, for the purpose of making improvements within the limits of his own lot, he is liable for the injury ; that no degree of care or diligence in the performance of the work will relieve him from liability for the injury caused by making such improvements ; that he must make them at his peril ; and that he can not protect

himself by making a contract for the work with a third person, exercising an independent employment.

" Where such easement of support exists, neither owner or occupant of one freehold can interfere with the wall to the detriment of the other, without his assent." *Webster* v. *Stevens, supra ; Dowling* v. *Hennings, supra.*

In *Richards* v. *Rose, supra,* the action was to recover compensation for damage done to the plaintiff's house °by the disturbance of its foundation, in the making of a drain by the defendant to form a connection between his adjoining house and a public sewer. The first count of the declaration alleged that the plaintiff was entitled to have his house supported by the land and premises of the defendant adjoining thereto, and that the defendant wrongfully and unlawfully dug, etc., and took away part of the defendant's land, and thereby deprived the plaintiff's house of the support to which it was lawfully entitled, whereby, etc. The second count charged the defendant with having negligently, etc., dug the drain, whereby, etc. The defendant pleaded, first, not guilty to the whole declaration, and secondly, to the first count, that the plaintiff was not entitled to have her house supported by the defendant's land and premises adjoining thereto. The verdict was for the plaintiff. A motion for a rule to set aside the verdict was refused, the principal question discussed and decided being whether the plaintiff had the right to the support of the defendant's house.

In *Stevenson* v. *Wallace,* 68 Va. 77, it was said : " When the owner of land acquires the easement of support, it would seem that his natural right of support in respect to the soil is enlarged, so as to embrace the buildings which he may erect on his land, and invests him with the same right of support in respect of his buildings that he has *ex jure naturae* in respect to the soil."

Whether the decision in that case that the plaintiff was entitled to the easement of support for her building was correct under the facts we do not now inquire.

The statement in the opinion of the court, that if the plaintiff was entitled to the support of her building by the foundation wall and land of the defendant, the latter could not withdraw the support without being liable in damages for the injury which accrued to the plaintiff thereby, seems to be sustained by the authorities upon this subject. The trial court in that case had instructed the jury, in effect, that if the defendant contracted with an experienced and competent excavator, of good standing in his business, to make the excavations complained of upon the defendant's lot, and gave notice thereof to the plaintiff in time to enable her to adopt precautions for the protection of her adjoining building, or if she had such knowledge in such time, the defendant would not be liable for damage to plaintiff's premises, resulting in consequence of negligence or unskilfulness in the making of such excavations by reason of leaving insufficient support to the plaintiff's premises or otherwise. Speaking of this instruction, the court said that a fatal objection to it was that it ignored the plaintiff's easement of support, "and holds that the defendant would not be liable in damages for any injury to the plaintiff's building, which was caused by the negligence or unskilfulness of the excavator in removing the supports, which involves the absurdity, that though the defendant was responsible for injury to the plaintiff's building by removing the supports (she being entitled to them), though every care and precaution were used to prevent injury, he would not be liable for the injury if the supports were negligently removed by the excavator whom he employed to remove them."

In *Bradbee* v. *Mayor, etc.*, 4 Man. & G. 714 (761), it was said : " We are of opinion that the defendants had no right to underpin the party wall, either partially or wholly, unless that could be done without injuring the plaintiff's house."

See, also, *Bower* v. *Peate*, L. R., 1 Q. B. Div. 321 ; *Gayford* v. *Nicholls*, 9 Ex. 702 ; *Dorrity* v. *Rapp*, 72 N. Y. 307.

In the case before us there is no difficulty in holding the second paragraph of complaint sufficient.

Upon the question as to the sufficiency of the evidence we are of the opinion that the action of the trial court must be sustained. The appellee possessed an easement for the support of her house, by the party wall. It appears from the evidence that the digging of the trench in the appellant's cellar occasioned the damage complained of by weakening the support of the wall. If it can be said that the workmen employed by the appellee were employed to dig the ditch, he must be held liable for the injury thereby occasioned, whether those from whose negligent performance of the work it resulted were his servants or his contractors or their servants.

The evidence is unsatisfactorily presented in the record. The questions addressed to the witnesses are not set out. The bill of exceptions presents mere notes of the evidence, not the language of the witnesses in full. The facts relating to the employment of the workmen are meagerly shown. It appears that the appellant directed the workmen to put in the water pipes so that they would not freeze. The situation of the pipes, the parts of the house to which they were to be taken, and what portions of the premises other than through the cellar they were to traverse, are not shown. It must have been within the contemplation of the employer and the employees that the pipes were to pass through the cellar. We can not say that it was not within the province of the jury to find that the digging of the ditch at the place where the pipes were laid in the cellar was contemplated by the appellant and his workmen, and within the authority given them by him, and that the act in and by the doing of which the injury was caused was done in pursuance of the contract between the appellant and his plumbers. The digging was a necessary incident of the work which the plumbers were employed to do. Their negligence was not in the

doing of a thing merely collateral to the work undertaken, but was the doing of a thing contracted for.

The judgment is affirmed.

Filed April 28, 1892; petition for a rehearing overruled Sept. 17, 1892.