Cartwright *v.* Adair.

---

## CARTWRIGHT ET AL. *v.* ADAIR.

[No. 3,190. Filed October 1, 1901.]

PARTY WALLS.—*Contracts.*—*Easements.*—A claim of an easement in a party wall must be based upon a contract, express or implied, since the statutes do not contain any provisions relating specially to party walls. *pp. 297, 298.*

SAME.—*Deeds.*—*Contracts.*—*Easements.*—Plaintiff's grantor sold and conveyed to defendant a certain strip of land, reciting that the conveyance was to include one-half of the brick building wall on the north line of the land conveyed, the grantees to have the right to extend said wall further west, and in case the grantor or his heirs, or assigns should thereafter desire to use any part thereof, then the grantees should be entitled to pay for one-half of the expense of said wall, but the grantor and his assigns should be entitled to join and use the same. The grantees constructed a building using the wall described, and afterward in making an excavation said wall was weakened and plaintiff's building thereby injured. *Held,* that it was the intention of the parties to the contract in the deed to grant to

defendant and to reserve to grantor and his assigns the easement of a party wall. *pp. 299, 300.*

PARTY WALLS.—*Injury.*—*Complaint.*—In a complaint for infringement of the right to support of a party wall allegations of negligence in making the excavations which affected plaintiff's wall were unnecessary, and did not change the nature of the action. *p. 301.*

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by John A. M. Adair against Caldwell C. Cartwright and another for injury to foundation of building. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. J. M. LaFollette, D. T. Taylor, J. W. Headington, S. W. Haynes, W. F. MacGinnitie* and *T. J. Taylor,* for appellants.

*O. H. Adair, F. H. Snyder* and *E. E. McGriff,* for appellee.

BLACK, C. J.—The appellee was the plaintiff, the action being one for the recovery of damages for injuries to his two-story brick building by disturbance of the foundation of a wall, which it was claimed on his behalf was a party wall. The controlling question presented in argument, arising in various portions of the record, is whether or not the wall should be regarded as a party wall and the appellants therefore liable for the consequences of their removal of its support without regard to the question whether or not they were chargeable with negligence in making an improvement upon their premises.

On the 26th of August, 1881, Charles J. Marsh was the owner in fee simple of certain real estate in the city of Portland, Jay county, adjoining the west side of a street on which it fronted, and extending westward from the street one hundred and thirty-two feet, being forty feet in width. There was then situated upon this ground the two-story brick building for the injury of which the action was brought. It fronted upon the street and extended back from the street eighty feet, its north wall extending to and along

Cartwright *v.* Adair.

the north line of the premises and the south line of its south wall being twenty feet six and one-half inches south of the north line of the north wall and parallel therewith. The south wall was thirteen inches in thickness and was supported by a foundation of stone and mortar extending about four feet below the surface of the earth. At the date above mentioned, Marsh, by his warranty deed, for a valuable consideration, conveyed to the appellants, then and since partners, the south one-half of the parcel so owned by him, the deed describing by metes and bounds the ground conveyed, it being twenty feet in width and one hundred and thirty-two feet in length, and containing the following: "This conveyance to include one-half of the brick building wall on north line of the land herein conveyed, and the said Cartwright and Headington [the appellants] are also to have the right to extend said wall further west, either part or all the way through on the line, one-half on each side of the line; and in case the grantor or his heirs or assigns shall hereafter desire to use any part thereof, then the said Cartwright and Headington shall be entitled to pay for one-half of the expense of said wall, but the grantor herein, his heirs or assigns, shall be entitled to join and use the same." On the ground so conveyed to the appellants there was no building having any connection with the wall upon the north line of the ground conveyed. Soon after this conveyance, in the autumn of the year 1881, the appellants constructed a brick building upon the ground so conveyed, using as the north wall of their structure the wall so referred to in the deed above mentioned, except that the appellants extended that wall thirty feet, thereby making their building 110 feet deep.

The appellants at the time of the conveyance to them were the owners of the real estate immediately adjoining the ground so conveyed, on the south thereof, on which adjoining ground they had a brick business building fronting on the street already mentioned and extending westward 110

feet.   Soon after their purchase of the intermediate ground from Marsh, the latter, pursuant to an agreement and understanding between the parties at the time of the purchase, removed from the intermediate ground a small frame building which had no connection with the wall in question, thereby leaving the purchased ground vacant, and the appellants thereupon connected their building with Marsh's building, constructing a front wall, extending the wall in question thirty feet to the westward, erecting a rear wall, inserting joists in the wall in question and using it with its extension westward as the north wall and support of the intermediate building, of two stories.   Such use of the wall in question continued until the injuries thereto of which complaint is made.   On the 5th of March, 1883, Marsh, by his warranty deed, conveyed to William F. Fulton the north one-half of the parcel first mentioned above; and on the 28th of December, 1892, the same north one-half portion was by warranty deed conveyed by Fulton to the appellee, the portion so conveyed to Fulton and by him to the appellee being described in the deeds by metes and bounds, twenty feet in width and one hundred and thirty-two feet in depth, no reference being made to any building or wall.   No additional burden was put upon the wall in question by Marsh or the subsequent grantees of the northern portion of the ground.   In the spring of the year 1898, the appellants, in the improvement of their building by way of making a basement, for the purpose of putting in a stone wall and foundation therefor, without the consent of the appellee, caused the earth along the south side of the foundation of this dividing wall to be excavated to a depth of eighteen inches below the bottom of the foundation, thereby taking away from the foundation its lateral support, without providing other support or bracing, by reason whereof the wall with its foundation was weakened and gave way and subsided, settling lower in the ground and southward, causing injury to the appellee's building which need not be further described.   At the time

of the conveyance to the appellants and thereafter, they had knowledge of the wall in question, which was a substantial portion of the building of which it was a part and a necessary part of its support.

The appellants thus were granted a parcel of ground which was twenty feet in width, and which therefore extended to the center line of the wall which supported the building of their grantor standing upon ground still owned and retained by him, and as to one-half of its southern wall extending six and one-half inches upon the land conveyed to appellants, by the terms of the deed of conveyance, which expressly referred to this wall as being included in the conveyance, and made provision for future extension of the wall westward by the appellants upon the line between the parcel conveyed and the parcel retained by the grantor, one-half on each side of the line, and for the right of the grantor or his heirs or assigns to use the extension and the right of the appellants to payment for one-half the expense thereof.

Inasmuch as the conveyance to the appellants was in 1881, and they commenced to use the wall in question as a support for their building in the fall of the same year, and the injury complained of was suffered in the spring of the year 1898, it is pointed out on behalf of the appellants that a sufficient period had not elapsed to acquire an easement of support of the appellee's building by prescription; and the contrary is not asserted on behalf of the appellee.

Our statutes do not contain any provisions relating specially to party walls. If the appellee's claim of an easement can be sustained, it must be based upon contract. In the deed of conveyance to the appellants the wall in question was not denominated a party wall, nor was there an express reservation of a right in the grantor or his heirs or assigns to use the wall then existing, eighty feet in length, as a support for the building of which it formed a part, or an express reservation of an easement of support for the wall by the land conveyed. But it is claimed in effect on behalf of the

appellee that the right to such an easement may be based upon an implied contract, not only by way of grant, but also by way of reservation.

There has been confusion in the opinions of the courts upon this subject, at least in the *obiter* expressions of judges, in the subsequent treatment of which in some courts there has been perhaps a tendency to a contrary extreme. See *Lampman* v. *Milks,* 21 N. Y. 505; *Wells* v. *Garbutt,* 132 N. Y. 430, 30 N. E. 978; *Sloat* v. *McDougal,* 9 N. Y. Supp. 631.

In *John Hancock Ins. Co.* v. *Patterson,* 103 Ind. 582, 53 Am. Rep. 550, a house situated upon a lot conveyed projected over upon a strip of ground owned and retained by the grantor. It was held that so far as the house so projected over and rested on the strip of ground, the grant of an easement to continue such use would be implied. In the course of the opinion of the court it was said: "Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use. In such case, the law implies that with the grant of the one an easement is also granted or reserved, as the case may be, in the other, subjecting it to the burden of all such visible uses and incidents as are reasonably necessary to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used when the grant was made." While in that case the easement was claimed in behalf of the grantee of the dominant estate, there is throughout the opinion a manifest disinclination to favor a rule that an easement by implication must in all cases be created by way of grant and never by way of reservation.

In *Steinke* v. *Bentley*, 6 Ind. App. 663, it was said that an easement in favor of a grantor of the servient estate who retained the dominant estate would appear to have been created by implication, under the facts of the case, though the decision was not based upon this proposition.

In *Fidelity Lodge* v. *Bond*, 147 Ind. 437, 442, the court approved as a doctrine obtaining in this jurisdiction in relation to party walls, the proposition that each adjoining proprietor is the owner in severalty of his part, both of the wall and of the land on which it stands, subject to a cross-easement of support and for other common needs in favor of the other proprietor. The wall is, therefore, it was said, to be used equally by both parties for all the purposes of an exterior wall.

This is in full accord with the opinion expressed in *Hoffman* v. *Kuhn*, 57 Miss. 746, 34 Am. Rep. 491, as follows: "The owners of adjoining buildings, connected by a party wall resting partly upon the soil of each, are neither joint owners nor tenants in common of the wall. Each is possessed in severalty of his own soil up to the dividing line, and of that portion of the wall which rests upon it; but the soil of each, with the wall belonging to him, is burdened with an easement or servitude in favor of the other, to the end that it may afford a support to the wall and building of such other. Each, therefore, is bound to permit his portion of the wall to stand, and to do no act to impair or endanger the strength of his neighbor's portion, so long as the object for which it was erected, to wit, the common support of the two buildings, can be subserved; and each will consequently be liable to the other for any damage sustained by a disregard of this obligation." See *Briggs* v. *Klosse*, 5 Ind. App. 129, 51 Am. St. 238.

It is a true and salutary rule that a grantor may not derogate from his own grant, while a grantee may take the language of the deed most strongly in his favor. Therefore, we suppose it proper to say that the law will imply an

easement in favor of a grantee more readily than it will imply an easement in favor of a grantor. While approving the proposition that a distinction should thus be made between the grant and the reservation of easements by implication, we, of course, do not agree that every reservation of an easement in favor of the grantor of the servient estate who is the owner of the dominant estate must be expressed in the deed of conveyance.

The intention of the parties may be sought by those recognized methods which explain without contradicting the express contract. The situation of the subject-matter of the contract and the circumstances of the transaction may be considered, and the construction placed upon the contract by the parties thereto in their conduct while proceeding under it not in antagonism to its terms, may illustrate the mutual purpose of the contracting parties.

Doubtless, each case of claim of an implied reservation of an easement in favor of the dominant estate retained by the grantor of the servient estate must rest upon its own facts. In the case before us the *quasi* easement of support existing before the severance of the estates was apparent and continuous in its nature, and was known to the parties. The deed of conveyance by its terms indicated characteristics of a party wall. The wall was a permanent structure and already supported the building of the grantor, and the deed indicated the right of the grantees to make like use of it and the extension thereof which they were authorized to make, partly upon the land of the grantor. The easement was strictly necessary to the manifestly contemplated use and enjoyment of the grantor's retained estate. The parties proceeded at once, and they and the assigns of the grantor continued, to make use of the wall reciprocally as a party wall, and by all their conduct in the premises, considered in connection with the terms of the deed, indicated that the intention of the parties to the contract was to grant to the appellants and to reserve to their grantor and his assigns the easement of a party wall.

There were in the complaint many charges of negligence in the making of the excavation by the appellants for the contemplated improvement of their building. These charges were unnecessary, and did not change the nature of the action, which the court and counsel upon the trial properly treated as one for infringement of the right to support of a party wall.

A correct result appears to have been reached, and we have not found any available error in the record. Judgment affirmed.