J. C. Penney Company et al. *v.* McCarthy et al.

[No. 14,081.   Filed June 18, 1931.   Rehearing denied October 6, 1931.   Transfer denied January 6, 1932.]

*Kessinger & Hill, Curtis G. Shake* and *Joseph W. Kimmel,* for appellants.

*Padgett & Padgett, Claude E. Gregg, Lindley & Bedwell* and *Harry R. Lewis,* for appellees.

LOCKYEAR, J.—This action deals with the reciprocal rights and duties of owners of adjoining real estate in relation to a party wall between two pieces of real estate fronting on the south side of Main Street in Vincennes, Indiana.

The real estate in question is known as a part of lot 126, in said city. Appellee Eluere owns the west part of said lot, and appellant J. C. Penney Company owns the east part of said lot. There was a store building on the east tract separated from the one on the west tract by a brick wall either on or near the dividing line, which wall was an integral part of both buildings.

The complaint alleges: That, on the day in question, and for more than five years theretofore, appellee Prosper P. F. Eluere was owner of part of said lot 126, which part was situated immediately west of the said portion of said lot belonging to appellant J. C. Penney Company, and joined by said lot on the west side thereof, and was about 20 feet in width from east to west and extended back the full width of said lot, and upon the part of said lot belonging to said appellee Eluere was a two-story brick building, which building fronted to the north and to Main Street, and was about 20 feet in width and extended back from Main Street a distance of about 105 feet; and that the east foundation and wall of said Eluere building were located on the dividing line between the portions of said lot belonging

to appellant J. C. Penney Company and said appellee Eluere, one-half thereof being upon the property of the said Eluere, and the other half upon the property of the J. C. Penney Company, and was and had been for more than 20 years theretofore a party wall and used as a party wall by said appellant J. C. Penney Company and its immediate and remote grantors and by said appellee Eluere and his immediate and remote grantors; that said party wall was an ancient wall, and had been erected by a remote grantor, either of said J. C. Penney Company or said Eluere, and by agreement between the then owners of said respective parts of said real estate, and was thereafter used by both the immediate and remote grantors of said J. C. Penney Company and said Eluere as a party wall and for support of the respective buildings on each of said parts of said real estate, and was ever thereafter maintained, kept and used as such party wall by the respective owners thereof; that, prior to May 12, 1928, there had been erected and maintained a two-story brick building on that part of said lot 126 owned by appellant J. C. Penney Company, the west wall of which building was the aforesaid party wall; that, on or about February 21, 1928, a part of the building situated on the part of the lot belonging to said J. C. Penney Company was destroyed by fire, at which time the said building and portion of said lot belonged to one John D. LaCroix; that, on April 16, 1928, the said John D. LaCroix conveyed by deed said portion of said lot to the said J. C. Penney Company, together with all his rights, title and easements in and to all walls of adjoining buildings, which included an easement in said party wall on the east side of the said Eluere building; that theretofore, to wit, on August 27, 1927, appellee Eluere leased and rented to one Violet Robinson the said two-story building situated on that part of lot 126 belonging to said Eluere for a period of five years

from September 10, 1927, to September 9, 1932, and the said Violet Robinson, on or about September 10, 1927, subleased and rented to the appellees a portion of said building, and the appellees went into possession of said building on or about September 10, 1927, and occupied a part of said premises as a baby shop, and were so occupying the same on May 12, 1928, and had a stock of merchandise, furniture and fixtures in said building of the value of $15,000; that, prior to May 12, 1928, appellant J. C. Penney Company had contracted with and had employed Samuel L. Kirk to remove the part of the building damaged by fire as aforesaid, situated on that part of said lot belonging to appellant J. C. Penney Company, and to excavate the earth and construct a basement on that part of its said lot, and to erect a building thereon, and, in carrying out said contract and employment of said J. C. Penney Company, did, on and prior to May 12, 1928, commence and did dig, excavate, remove and haul away the earth, gravel, clay and lateral support to the depth of six to eight feet, and to the full length of the said party wall between the premises of the said J. C. Penney Company and the said Eluere, and did dig, excavate and remove the earth and gravel to such said depth and length and so close to the said building of the said Eluere as to weaken the foundation and support thereof, and so near the foundation of said party wall that a portion of said party wall caved in and collapsed, and caused a portion of said building occupied by the appellees to collapse and fall, all without the consent of appellee Eluere, and without the consent of the appellees, thereby damaging and destroying appellee's said stock of merchandise, furniture and fixtures to the amount and value of $15,000.

That appellee Eluere had full knowledge during all of said time that said appellants, the J. C. Penney Company and Samuel L. Kirk, were so excavating and re-

moving the earth, gravel and clay which formed the lateral support to said party wall and east wall of his said building so occupied by the appellees, and knew, or could have known, by the exercise of reasonable diligence, that the removal of said earth and gravel and lateral support of said party wall by the other defendants would weaken and endanger said party wall and probably cause said party wall and his said building to subside, collapse and fall, and knew, or could have known, by the exercise of reasonable diligence, that it would be necessary for the persons making said excavation and removing the lateral support of said wall to protect said party wall and the foundation thereof by underpinning, shoring, propping or otherwise securing said party wall from caving in and collapsing, and that said Eluere did wrongfully object, forbid and prevent the said appellants, the J. C. Penney Company and Samuel L. Kirk and their servants and employees, from underpinning, shoring up and bracing said party wall, which they offered to do; that, by reason of said Eluere's wrongful acts and his failure to protect said wall after having acquired knowledge of the danger thereof, he allowed and permitted the removal of the lateral support of said party wall and thereby contributed to the caving in and collapse of said portion of said building as aforesaid and to appellees' injury and damage as aforesaid; appellee further avers and says that, by reason of the collapsing and falling of a portion of said building, her stock of merchandise, furniture and fixtures was injured and damaged to the amount and extent of $15,000, and the portion of the building occupied by the appellees was rendered uninhabitable, and appellees were deprived of the use and occupation of said premises from May 12, 1928, to the present time, and kept out of pursuing their business as dealers in baby goods for a period of one month, which was and would have been of the reason-

able value to them of $5,000, and in all to their damage in the sum of $20,000, and all without any fault on their part.

Wherefore, appellees pray judgment in the sum of $20,000, and for all proper relief in the premises.

The second paragraph of amended complaint is similar in all respects to the first and need not be set out in this opinion.

The appellants filed separate demurrers to each paragraph of the amended complaint.

Appellant J. C. Penney Company has not set out under Points and Authorities any error in overruling the demurrer to the amended paragraphs of complaint and we will not, therefore, consider the same in this opinion.

The demurrer of appellant Samuel L. Kirk is on the grounds that neither the complaint nor any paragraph thereof sets out facts sufficient to constitute a cause of action against appellant Samuel L. Kirk. Appellant Kirk contends that the facts set out in each paragraph of amended complaint show that said appellant had no interest in the J. C. Penney Company or the appellee Eluere, as owner, lessee, occupant or otherwise, and that they do not show any negligence on the part of appellant Kirk. We do not agree with this view of the case, as will hereafter appear, and, therefore, we hold that the court did not commit error in overruling the demurrer of the appellant Kirk.

Each appellant filed a separate answer in general denial, and the case was tried before the court, without the intervention of a jury, with a finding for appellees Clara McCarthy and Helen F. Bryan, and a judgment was rendered against the appellants in the sum of $4,979.65.

Each of said appellants filed a separate motion for a new trial upon the following grounds: That the finding of the court is not sustained by sufficient evidence and

is contrary to law, and that the damages assessed by the court are excessive; the overruling of his motion for a new trial is properly assigned as error by each of said appellants.

The first question the trial court had to determine in this case was whether there was a party wall existing between the properties of appellant J. C. Penney Company and appellee Prosper P. F. Eluere.

On May 6, 1863, there was a deed affecting this real estate using this language: "Intending to embrace all that portion of said lot 126 lying between those portions of which owned by the said Charles Graeter on the one side and the said Marcelus D. LaCroix on the other side, and embracing half of the wall between said Ennis H. Roquest and Marcelus D. LaCroix together with all the privileges and appurtenances thereto belonging" on June 5, 1866, three years after Graeter obtained title to his part of said real estate, and seven years after LaCroix had obtained title to his real estate, the said Graeter and LaCroix entered into a certain written agreement, which is in the words and figures following, to wit: "That whereas the said Charles Graeter is about to erect a building on lot 126 of the City of Vincennes, adjoining a lot of the said Marcelus D. LaCroix and whereas the said LaCroix is desirous that the said Graeter should build the wall on the line between the said Graeter and the said LaCroix six inches or so much as is required for the wall on the ground of the said LaCroix, in order that the said LaCroix may have the benefit of the same if he should at any time erect a building adjoining on his own lot.

"It is agreed by and between the parties that the said Graeter will so build said wall and that the said LaCroix will pay to the said Graeter one-half the cost of building said wall aforesaid. (The value of the same to be fixed by three disinterested persons, to be chosen by the

parties and Graeter may have the privilege of inserting a window in the upper story of the building ten feet from the rear.) Whenever he, the said LaCroix shall erect a building adjoining and using the said wall as a part of his improvement to be erected."

There was evidence, in addition to this, that John D. LaCroix, the immediate grantor of J. C. Penney Company, testified that he was 70 years of age, and lived at Vincennes, and was the son of Marcelus LaCroix and testified that he was the latest owner of the building; that he started to build without seeing Graeter, the man above, but later had an agreement with him about the wall, and that he (LaCroix) paid him $165 for the use of the wall; that he put joists in the wall and continued to use that wall from the early part of the 80's, and, at a later period, he built the first-story building up to a second-story building, and, when he built the second story, he joined onto the dividing wall again. There is other evidence supporting the theory that this was a party wall.

The testimony of Samuel L. Kirk, appellant herein, is to the effect that he was employed by appellant J. C. Penney Company to excavate the back part of the east lot where there had been no excavation done, and that the soil was sandy and full of gravel and, as a contractor, he thought there would be danger unless something was done, and that he attempted to obtain the consent of appellee Eluere to shore up the building so that the wall would not fall in, but that Eluere had refused to permit him to go on his land for that purpose. The soil was removed four feet from the wall and seven and a half feet deep. "I had gone from the wall about 30 minutes and had just returned when the wall fell."

In the case of *Briggs* v. *Closse* (1892), 5 Ind. App. 129, 31 N. E. 208, 51 Am. St. 238, the facts are similar to the case at bar. It was discussed there at great length as

to what constituted a party wall. In that case the appellee possessed an easement for the support of her wall by the party wall. It appears from the evidence that the digging of a trench in the appellant's basement occasioned the damage complained of by weakening the support of the wall, and the judgment against the party causing the damage was sustained. Thompson, on Negligence (2d ed.) §§1064, 1125, holds that one of the two owners of a party wall may recover from the other damages occasioned by his undermining or weakening the wall. *Kiefer* v. *Dickson* (1908), 41 Ind. App. 543, 84 N. E. 523.

The case of *Cartwright* v. *Adair* (1901), 27 Ind. App. 293, 61 N. E. 240, discusses at great length the subject of party walls, and a judgment was rendered for damages for disturbance of a wall which was claimed to be a party wall.

Each proprietor owes to the other a duty to do nothing that shall weaken or endanger the party wall, although each may rightfully, when he thinks it for his own interest to do so, increase its height, sink the foundations deeper, or, on his own side, add to it, yet it seems that, in doing so, he is an insurer against damages to the other proprietor. 2 Cooley, Torts (3d ed.) 750.

There seems to be some confusion in the decided cases as to the nature of the action in cases of this kind. It is clear that the present action sounds in tort. There is no breach of any contract in this case and the action is for trespass. If the J. C. Penney Company had no right to do the things complained of, then the contractor under the J. C. Penney Company can claim no exemption of liability. *Lennig* v. *Dougherty* (1911), 45 Pa. Super. Ct. 198; *Gorham* v. *Gross* (1878), 125 Mass. 232, 28 Am. Rep. 224.

Appellees McCarthy and Bryan in this case, being

tenants of appellee Eluere, were entitled to the support of the wall in question. Their property was ■ damaged as shown by the evidence, and the appellants have not shown wherein the amount of the damage is excessive.

The appellants in this case were joint tort-feasors and their relationship is of no concern to the ■ parties damaged in this case.

The judgment is therefore affirmed.

Bridwell, J., not participating.