CASPER NATIONAL BANK,

*Appellant*

(Defendant below)

and

J. JONES, CONTRACTOR, INC.,
and
L. C. ANDERSON

(Defendants below)

vs.

LE CLERCQ JONES, d/b/a
Personnel Specialists,

*Appellëe*

(Plaintiff below)

(No. 2826; September 30, 1958; 329 Pac. (2d) 1077)

40

For the appellant, the cause was submitted upon the brief of Goppert & Fitzstephens of Cody, Wyoming, and Marvin L. Bishop of Casper, Wyoming, and oral argument by J. D. Fitzstephens.

For the appellee, the cause was submitted upon the brief and also oral argument of Addison E. Winter of Casper, Wyoming.

Heard before Blume, C. J., and Harnsberger and Parker, JJ.

42

## OPINION

Mr. Justice Parker delivered the opinion of the court.

Plaintiff, LeClercq Jones, brought suit against the Casper National Bank for damages resulting from the collapse of a party wall between the building occupied by plaintiff and property owned by the bank—joining defendants, J. Jones, Contractor, Inc.,[1] and L. C. Anderson, one of Jones' employees.

Prior to answer day, the court on plaintiff's motion dismissed without prejudice his actions against defendants, J. Jones, Contractor, Inc., and L. C. Anderson.[2] Thereafter plaintiff filed an amended petition against the bank, alleging in some detail its negligence in performing inherently dangerous work which caused heavy vibrations and the consequent collapse of an insufficiently supported party wall, and asserting that the bank knew of the danger and negligently se-

---

[1]Nominally a corporation but referred to by the parties as Jones, an individual.

[2]Apparently under § 3-3505, W.C.S.1945.

lected the contractor. The bank unsuccessfully applied for an order to reinstate J. Jones, Contractor, Inc., and L. C. Anderson as defendants and for leave to file a cross-petition against them. After a request for jury trial was withdrawn, the parties filed a stipulation of facts on the basis of which the court entered judgment against the bank for $1,500.

The stipulation delineated the ownership and occupancy of the respective properties; the arrangements of the bank to construct a building on its premises, using the previously existing party wall, without adding any bearing weight thereon; the bank's letting of a bid to Jones who was an experienced and competent contractor, and Jones' employment of Anderson; the lack of bracing or anchoring of the party wall; the negligence and carelessness of performance of work by Jones and his agents; the resultant collapse of the party wall with consequent damage to plaintiff of $2,812.50; plaintiff's "Covenant Not to Sue" J. Jones, Contractor, Inc., and Anderson (consideration, $1,-312.50); and plaintiff's damages of $1,500 over and above the payments theretofore made to him by J. Jones, Contractor, Inc., and Anderson.

Appellant urges that the judgment of the trial court was erroneous for three reasons: (1) the evidence and admissions do not sustain the general findings and judgment; (2) a covenant not to sue a tort-feasor who is primarily liable releases one secondarily liable and is a bar to recovery here; and (3) the contractor was a necessary party to a final determination of the controversy, and it was error to deny the request to reinstate J. Jones and Anderson as defendants. However, the alleged errors are so closely related that all must stand or fall depending upon the correctness of appellant's philosophy, i.e., the bank, if liable at all,

was responsible only secondarily because of imputed negligence of the contractor Jones and his agents. If this premise be correct, it follows that the judgment was improper for all of the reasons stated. On the other hand, if this premise be incorrect, it would seem to follow that the judgment should stand. We, therefore, must determine the correctness of appellant's premise. In order to do this, we first review the general rule of a property owner's liability for a tort caused by an independent contractor and then decide whether such rule can apply under the circumstances disclosed by the stipulation and exhibits in this case. The appellant, urging that it is not liable for the torts of an independent contractor or the latter's servants,[3] applies the principle where damages occur to structures when an independent contractor makes excavation on adjoining land, quoting Annotation, 33 A.L.R. 2d 111, 113, 114:

"Contrary to the rule governing land in its natural state, the rule is well recognized that the owner is not liable for damage to structures on adjoining land caused by excavation work performed by an independent contractor on the owner's land provided none of the recognized exceptions applies.* * *

\* \* \* \* \*

"[One such exception being] * * * where the excavation to be performed by the contractor is of such a nature as probably to lead to damage if no precautions are taken. * * *"

The exception thus cited is amplified at page 131 of the same annotation[4] wherein it is stated:

---

[3] Citing 27 Am.Jur. Independent Contractors § 27, pp. 504-506.

[4] See to the same effect 27 Am.Jur. Independent Contractors § 45, citing Annotation, 23 A.L.R. 1016, 1033.

"It appears to be well settled that a person who employs an independent contractor to make an excavation on his own lot is liable in damages for any injury thereby caused to the building of an adjoining lot owner where such injury might reasonably have been anticipated as a probable consequence of the excavation. In other words, although an employer is not liable for the injury caused by the negligence of an independent contractor which is collateral to, and not reasonably to be expected from the excavation work contracted for, such employer is liable for the negligence of the independent contractor where, from the nature of the work, danger of such injury is readily foreseeable.* * *"

Among the cases which the annotation cites to support this statement, two are of especial interest to us as dealing with party-wall situations: Fowler v. Saks, 7 Mackey 570, 7 L.R.A. 649; Briggs v. Klosse, 5 Ind. App. 129, 31 N.E. 208, 51 Am.St.Rep. 238.

In the Fowler case, the court held that the obligation to make good all damages to an adjoining owner by interference with a party wall, whether it arises under building regulations or the common law, cannot be escaped by contracting to have the work done, and the fact that the damages were due to the negligence or unskillfulness of a contractor is no defense.

Similarly, in Briggs v. Klosse, supra, where plumbers dug a ditch in defendant's cellar and so caused the party wall to crack and settle, the court affirmed a holding of liability against the property owner, saying at 31 N.E. 211:

"* * * If it can be said that the workmen employed by the appellee were employed to dig the ditch, he must be held liable for the injury thereby occasioned, wheth-

er those from whose negligent performance of the work it resulted were his servants, or his contractors, or their servants. * * *"

Courts are not in complete agreement on the answer to the question, Is a landowner liable for injuries resulting from the use or construction of a party wall, irrespective of negligence? See 40 Am.Jur. Party Walls § 46; 69 C.J.S. Party Walls § 18 c; Annotations, 23 A.L.R. 984, 1000; 1016, 1038; 1084, 1106. However, most courts have recognized that a party-wall agreement creates a special situation which presents equities and property rights differing from those applicable to other tort problems.

One of the earlier cases which has had some influence in the field is that of Hughes v. Percival, 8 App. Cas. 443 (1883), wherein it was held that a property owner who arranged with a builder to pull down a house and rebuild it had the duty to see that reasonable care and skill were exercised in the operations which involved the use of a party wall belonging to himself and adjoining property owner and said that the contractee could not rid himself of responsibility by delegating the performance to a third person.

The case of Mary Jane Stevens Co. v. First Nat. Bldg. Co., 89 Utah 456, 57 P.2d 1099, 1115-1117, presents an extended discussion of authorities dealing with the duties and obligations of one owner of a party wall to the adjoining owner for damages caused in repairing, demolishing, or rebuilding the wall and concludes with the following summation which we think to be a correct statement of the applicable principles:

"We think the rule which comports with justice is that he who removes a party wall or a wall in which his

neighbor has the right of support for his own legiti-
mate purposes, where such wall is sufficient to support
the presently existing buildings, is not in such removal
an insurer against injury to his neighbor or under ab-
solute duty to avoid injury to the latter, but he must
use the highest possible care to prevent and avoid such
injury which may be caused as the natural and proxi-
mate result of his building operations.* * *"

See generally Bradbee v. Christ's Hospital, 4 M. &
G. 714, 134 Eng.Rep. 294 (1842) ; Brooks v. Curtis, 50
N.Y. 639, 10 Am.Rep. 545; Carroll Blake Const. Co.
v. Boyle, 140 Tenn. 166, 203 S.W. 945; Cartwright v.
Adair, 27 Ind.App. 293, 61 N.E. 240; J.C. Penney Co.
v. McCarthy, 93 Ind.App. 609, 176 N.E. 637; Murray
v. Patterson, 18 Tenn.App. 30, 72 S.W.2d 558. See also
the view presented in 2 Cooley on Torts, 4th ed., pp.
378, 379:

"* * * Each proprietor [of a party wall] owes to the
other the duty to do nothing that shall weaken or en-
danger it, and though each may rightfully, when he
finds it for his interest to do so, increase its height,
sink the foundations deeper, or on his own side add
to it, yet it seems that in doing so he is insurer against
damages to the other proprietor.* * *"

The situation under discussion in Mary Jane Stevens
Co. v. First Nat. Bldg. Co., supra, is not identical with
the one at bar inasmuch as it deals with attempted al-
terations of a party wall rather than excavation inci-
dent to construction of a building adjacent thereto, but
it is our view that the same rule should apply.[5]

---

[5] Our holding in Stockgrowers' Bank of Wheatland v.
Gray, 24 Wyo. 18, 154 P. 593, is inapplicable to the
present situation since it did not deal with a party
wall and additionally the jury there found that the
work done was not in its nature dangerous to the ad-
joining property.

In the instant case there is little doubt that the appellant foresaw the serious danger which actually materialized here when the party wall collapsed. In the stipulation of facts it is conceded that appellant's agreement with the contractor provided that Jones should:

"(a) Adequately protect adjacent property as provided by law;

"(b) Shore and brace excavation, protect all slopes and earth banks, and provide sheet piling if necessary to prevent cave-ins;

"(c) Excavate carefully to prevent damage, and settlement, to Wolford Building [the one occupied by plaintiff];

"(d) Assume liability for such damage and settlement;

"(e) Do underpinning of Wolford Building as shown by the plans before excavating for footing or drive shoring or sheet piling and take other precautions to prevent sloughing away of soil under Wolford Building;

"(f) Execute demolition and repair work to insure adjacent property against damage which might occur from falling debris or other cause;

"(g) Take precautions to guard against movement or settlement of adjacent buildings; provide and place bracing or shoring where necessary or proper in connection therewith;

"(h) Be responsible for brace facing and support of such building and be liable for any such movement or settlement and any damage or injury caused thereby or resulting therefrom;"

These statements inherently show appellant's presentiment of serious danger which places the case within the exception conceded by appellant, i.e., the excavation to be performed by the contractor was of such a nature probably to lead to damages if no precautions were taken. What did appellant do to meet the danger? We are unable to tell. The stipulation states that the appellant let the bids for continuation of the party wall, the making of excavations, and the construction of the new building in accordance with plans and specifications of a qualified, experienced, and duly licensed architect and that such plans and specifications provided for underpinning before excavating for footing or drive shoring or sheet piling and for the taking of other precautions to prevent the sloughing away of soil under the building occupied by appellee. Appellant pleaded and appellee denied generally the existence of plans and specifications, and no one either pleaded or proved anything about the sufficiency of the plans and specifications to prevent the damage. Similarly, there was no evidence of contractor's adherence to or departure from the plans and specifications or the consequent effect upon the collapse of the wall. It has been held that in such a situation if plans and specifications are themselves sufficient to secure a safe construction of the work and an independent contractor fails to follow them and thereby causes damage the owner should not be liable. Lancaster v. Connecticut Mut. Life Ins. Co., 92 Mo. 460, 5 S.W. 23, 25, 1 Am. St.Rep. 739. But we need not determine the propriety of that holding since it could not be applicable here—appellant having failed to prove the sufficiency of its plans and specifications.

As a second reason why the judgment should be held to be erroneous, appellant urges that a covenant not to sue a tort-feasor primarily liable releases all who

are secondarily liable. We agree with this premise; but as previously indicated, it is our view that under the circumstances recited in the stipulation appellant's liability cannot be said to be secondary only. The rule is therefore not applicable. Additionally, it is well settled that a covenant not to sue one joint tort-feasor does not discharge the others. See Natrona Power Co. v. Clark, 31 Wyo. 284, 225 P. 586, 587. Cf. 1 Cooley on Torts, 4th ed., p. 265 ff.

We pass then to appellant's third reason, i.e., the contractor was a necessary party to a final determination of the controversy and it was error to deny the request to reinstate J. Jones and Anderson as defendants. In considering this point, it should be borne in mind that neither the judgment of the trial court nor this opinion attempts to define or resolve the respective rights of the Casper National Bank, J. Jones, and L. C. Anderson. The authorities submitted to substantiate the contention that the contractor was a necessary party relate to situations in which one primarily liable must be before the court if there is to be a proper determination of the rights of a person secondarily liable. Inasmuch as the appellant here had a primary liability to the other owner of the party wall, we find no error in the trial court's denial of appellant's motion to reinstate J. Jones and Anderson. Under our statutes relating to joinder,[6] the trial court is entitled to exercise considerable discretion in determining who should be joined or retained. Here the court could have denied the request to dismiss J. Jones and Anderson as defendants or could have granted the

---

[6] The parties urged as relevant §§ 3-613, 3-621, 3-1312, and 3-1704, W.C.S.1945.

application to reinstate them after they had been dismissed. We are inclined to think that by one means or the other they should have been continued as parties in order that all rights growing out of the same occurrence might have been settled at one time. Nevertheless, there was not such abuse of discretion as to warrant a reversal.

In fine, we hold that in a situation such as the one at bar one of the owners of a party wall who undertakes to build or rebuild on his property and thereby alters the wall or its support has a primary liability to the other owner of the wall for any damages which may result from a lack of the highest possible care consistent with the circumstances of the situation, and he may not escape from this liability by assigning the work to another. Accordingly, we are forced to reject the force of appellant's argument that its liability was no more than secondary. This holding should, however, not be taken as determinative of the right of the bank to recover from the contractor the amount which it pays under this judgment.

Affirmed.