# Lennig, Appellant, *v.* Dougherty.

*Negligence—Contractors—Party walls—Evidence—Act of May 5, 1899, sec. 24, P. L. 193.*

1. In an action of trespass against a contractor to recover damages for cracks in walls, bulging plaster, staining of wall, and water in cellar, alleged to have been caused by the defendant in erecting a dwelling house on an adjoining lot, the burden is upon the plaintiff to show that the defendant or his workmen were negligent in the performance of their work, and if there is no evidence to connect the defendant or his workmen with the particular injuries alleged, it is proper to withdraw the case from the jury.

2. Section 24 of the Act of May 5, 1899, P. L. 193, regulating the construction of buildings and party walls in cities of the first class, applies to owners, and not to contractors.

Argued Oct. 7, 1910. Appeal, No. 14, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 1,153, for defendant non obstante veredicto in case of Lucretia C. Lennig v. William R. Dougherty. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to a building. Before BRÉGY, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*James E. Hood,* for appellant.—The defendant was liable: Buck v. Weeks, 194 Pa. 522; Brooks v. Curtis, 50

N. Y. 639; Schile v. Brokhahus, 80 N. Y. 614; Fowler v. Saks, 18 Dist. Columbia Rep. 570; Reynolds v. Fargo, Sheldon (N. Y.) 531; Fischer-Leaf Co. v. Caldwell, 15 Ky. Law Rep. 542; Fleming v. Cohen, 186 Mass. 323 (71 N. E. Repr. 563); Potter v. White, 6 Bosworth, 644; Nippert v. Warneke, 128 Cal. 501 (61 Pac. Repr. 96); Nash v. Kemp, 49 How. Pr. 522; Daly v. Grimley, 49 How. Pr. 520; Bright v. Bacon, 116 S. W. Repr. 268; Bradbee v. Christ's Hospital, 2 Dowling's Practice Cases (N. S.), 164.

*J. Washington Logue,* for appellee.—There were no relations existing between the appellant and the appellee, excepting the obligation resting upon him to perform his work in the usual and ordinary manner, free from negligence and free from carelessness: Stearns v. Spinning Co., 184 Pa. 519; Carson v. Bromley, 184 Pa. 549; Strawbridge v. Phila., 2 Penny. 419.

In the present case there was no entry whatever upon the property of the plaintiff and what was done was in the exercise of a legal right and in the absence of any proof of negligence: Penna. R. R. Co. v. Lippincott, 116 Pa. 472; Penna. Coal Co. v. Sanderson, 113 Pa. 126; Matulys v. Coal Co., 201 Pa. 70; McGettigan v. Potts, 149 Pa. 155; Richart v. Scott, 7 Watts, 460; Huey v. Gahlenbeck, 121 Pa. 238; Easton S. E. & W. E. Pass. Ry. Co. v. Gibson, 96 Pa. 83; Gramlich v. Wurst, 86 Pa. 74; Stager v. Ry. Co., 119 Pa. 70; Alexander v. Water Co., 201 Pa. 252; Sandt v. Foundry Co., 214 Pa. 215; Ault v. Cowan, 20 Pa. Superior Ct. 616; Stringert v. Ross Twp., 179 Pa. 614; Reese v. Clark, 146 Pa. 465.

OPINION BY HENDERSON, J., March 3, 1911:

This action was brought to recover damages which the plaintiff alleges she sustained by reason of injuries to which her house was subjected during the erection by the defendant of a dwelling house on an adjoining lot. The defendant was not the owner of the new house but a con-

tractor for its construction.  The building formerly oc-
cupying the lot was torn down and a new house erected
It became necessary to underpin the party wall on the
dividing line between the plaintiff's lot and the lot on
which the house was built and the party wall was used
for the new house.  The injuries of which the appellant
specially complains were a crack in the party wall extend-
ing from the vestibule into the third story; the bulging of
the burlap wall-covering in different parts of her house;
the staining of the wall in places; the perforation of the
wall in one place on the fourth story; the cracking of
plaster; water in the cellar and dust which penetrated the
house and injured the furniture, all of which conditions
created a necessity for repairs.  The action was based on
the alleged negligence of the defendant as is indicated by
the statement of claim filed, wherein it is averred that it
"became the duty of the said William R. Dougherty to
construct the said building in such a manner as to inflict
as little inconvenience and damage to other persons as
possible but the said building was so negligently erected
by the said defendant and by his employees and the work
thereon so wrongfully and unskillfully conducted that the
premises belonging to the plaintiff have been greatly
racked and strained and depreciated in value and the
plaintiff has been deprived of the use of the same."  This
negligence was said to consist in the want of care in under-
pinning the party wall as a result of which it settled and
became cracked and broken, and impaired the strength
and lines of the plaintiff's house.  Negligence is also
charged in the cutting of the wall for the admission of the
ends of joists used in the new house and in the admission of
water so that the wall decorations on the entire west side
of the house were spoiled, the plastering was loosened and
bricks caused to protrude into the plaintiff's house.  The
case was submitted to the jury on the theory suggested
in the declaration although the plaintiff's counsel con-
tended at the trial that a right of action existed whether
the damage resulted from the negligence of the defendant

or was an incident of the construction of the new building without negligence, and the able argument of the learned counsel for the appellant is principally devoted to the support of the proposition that the defendant rendered himself liable to the plaintiff because he had altered a party wall and thereby placed himself in the position of an insurer. After a careful examination of the evidence we are not satisfied that the court was in error in holding that the plaintiff had failed to show that the defendant was chargeable with negligence in the performance of the work involved in the use of the party wall. No presumption of negligence arises and we do not find in the evidence testimony of witnesses which would warrant the conclusion that the injury complained of was caused by a lack of care on the part of the defendant's workmen. None of the witnesses testified to acts of the defendant or his servants accounting for any of the particular injuries alleged. It was perfectly lawful for the defendant to underpin the party wall and to connect the joists of the building he was constructing with that wall, for one-half of it belonged to his employer. He was not a trespasser, therefore, in carrying on the work in connection with the plaintiff's house. To successfully charge him with negligence it is necessary that evidence be offered tending to show that want of due care occasioned the plaintiff's damage. Whether the burlap became loose because of the dampness of the exposed party wall or by the projecting of the joists so far into the wall as to displace bricks on the plaintiff's side of the line or whether from some other cause is not shown by any witness. Neither does it appear that any lack of care and attention was chargeable to the defendant because of the crack extending up the wall near the front of the plaintiff's house. Indeed, the only evidence as to the cause of the crack shows that it was the result of the method adopted in building the front wall of the plaintiff's house long before the defendant had anything to do with the premises. One item of evidence seems at first observation to support the plaintiff's case; that is

the testimony relating to a brick knocked from the wall on the fourth floor or attic. But there was no testimony showing when that was done, how it was done nor by whom, and the jury would have been compelled to guess at the defendant's responsibility if they took the testimony on that subject into consideration. That the work done on the new house would produce inconvenience, discomfort and more or less damage to the plaintiff seems very probable, but it does not necessarily follow that this was the result of negligence and the defendant ought not to be charged with such misconduct except when the testimony shows the acts of his employees which produced the injury.

The appellant contends, however, that even if negligence were not shown the defendant is liable under the provision of sec. 24 of the Act of May 5, 1899, P. L. 193, regulating the construction, etc., of buildings and party walls in cities of the first class. This section provides among other things that in every case where an owner of a lot is about to erect a new building thereon and where any party wall is defective, out of repair or insufficient for the purpose of the buildings there existing upon the adjoining premises the cost or expense of the repair or removal of the party wall with the expense of any new walls to be erected in lieu thereof shall be borne and paid by the owner of the buildings upon the adjoining premises and the party erecting the new building in proportion to the amount of such wall as shall be used respectively for their buildings, and in every case where such walls are defective or insufficient only for the purpose of the new buildings the cost and expense of such repair or removal together with the expense of the new wall to be erected in lieu thereof shall be borne and paid exclusively by the parties erecting the new building and they shall also make good all damages occasioned thereby to the adjoining premises. It is under the latter clause of the section that the plaintiff claims to hold the defendant liable. Whether under this section an action can be maintained for injuries not resulting from negli-

gence we do not consider it necessary to determine in disposing of this case for we regard the section as applicable to the owner of the premises and not to a contractor who is engaged in the erection of the building for him.  It is true that the words used in the statute are "shall then be borne and paid exclusively by the parties erecting the new buildings and they shall also in such case make good all damages occasioned thereby to the adjoining premises," but when this clause is read in connection with the preceding parts of the section it becomes evident that reference is here had to the owner or other person at whose instance and on whose account the building is erected and that the section was not intended to include an employee or servant or agent of the owner or other person causing the building to be erected, who may be engaged in its construction.  The very same period in the section which contains the provision on which the appellant relies also provides that where the party wall is adjudged insufficient for the use of the contiguous buildings the cost for the removal of the old wall together with the expense of the new one "shall be borne and paid by the owner of said buildings upon the adjoining premises and the party erecting the new buildings in proportion to the amount of such wall which is or shall be respectively used by their said buildings."  This cannot by any sort of construction be made to relate to the carpenter or bricklayer who is engaged in doing the work on the house.  And as the terms are identical in the two clauses—"the party erecting the new buildings"—it is evident that the owner or lessee, or other person having the right to occupy the premises with the building, is referred to rather than the mechanic charged with its construction.  It is true that under some circumstances a contractor or mechanic might become liable for the cost of the reconstructed party wall. His contract with his employer might involve as much, but in any attitude he is acting as the agent of the owner or other person for whom the building is erected and it is the latter who in our interpretation of the act is primarily

liable for the cost of the proportionate part of the wall. As the defendant was not the owner of the lot and was acting only for the owner in building the house he was not liable under the statute for injuries to the plaintiff arising out of the repair or use of the party wall where such injuries did not result from his negligence or that of his servants. He had no contractual relation with the plaintiff; he was rightfully engaged in the prosecution of the work which he had undertaken and owed no duty to the plaintiff except to exercise due care in the execution of his work.

The judgment is affirmed.