## McGlumphy *v.* Lentz, Appellant.

*Building laws—Party walls—Reconstruction of wall—Act of May 5, 1899, P. L. 193—Constitutional law—Class legislation.*

Where the owner of one of two adjoining properties in the City of Philadelphia razes his building for the purpose of reconstruction, and it is found that the party wall, which was more than twenty-one years old, had a curve or bulge towards its centre so that it extended into the adjoining property from two to four inches more than the deeds called for, and the wall is condemned, and a new wall built along the exact property line, with the result that it left an opening between the properties so that the joists of the adjoining building, in some places barely touched the new wall, and in others did not reach it so as to have any support, the owner of the adjoining building is entitled to recover from his neighbor damages for rental losses sustained, and expenditures for necessary repairs to protect his property.

In such a case the old wall must be considered as a consentable line in place for more than twenty-one years, and adopted as such by each owner.  As the owner of the new building changed the line for his advantage and profited by the change, he should bear the burden of compensating his neighbor for the resulting damages.

The Act of May 5, 1899, P. L. 193, does not violate the constitutional prohibition relating to class legislation.

Argued Oct. 10, 1917.    Appeal, No. 211, Oct. T., 1917, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1916, No. 615, on verdict for plaintiff in case of Elizabeth J. McGlumphy v. Charles Lentz, Jr.    Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

36, (1918).]     Verdict—Opinion of the Court.

Trespass to recover damages for injuries to real estate. Before McMichael, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $800. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*Ira J. Williams,* of *Simpson, Brown & Williams,* with him *Reynolds D. Brown,* for appellant.—Defendant was not liable for the loss sustained by plaintiff: Buck v. Weeks, 194 Pa. 522; Lenning v. Dougherty, 45 Pa. Superior Ct. 198.

*Prichard, Saul, Bayard & Evans,* for appellee.—Where a wall between two buildings of adjoining owners is used as a common wall for over twenty-one years, it becomes a party wall, whether equally on the land of each or wholly on the land of one; and such a wall may be taken down and a new wall erected upon the line of the old wall, regardless of whether that was the line described in the deed or not: Western National Bank's App., 102 Pa. 171; McVey v. Durkin, 136 Pa. 418; Bright v. Morgan, 218 Pa. 178.

Opinion by Orlady, P. J., March 2, 1918:

The plaintiff is the owner of a lot, No. 29 South Seventeenth street, and the defendant the owner of the adjoining premises. Each property has been improved for more than twenty years by having built thereon substantial brick buildings, and between the two there was a recognized party wall which had been constructed under an act of assembly in force when the buildings were erected. While legislation on this subject began more than 150 years ago, the controlling acts in force at present are those of June 8, 1893, P. L. 360, and May 5, 1899, P. L. 193, and the changes now made in party wall con-

struction are regulated by these statutory provisions. In 1914, the defendant decided to make improvements on his property, and razed the building then standing to make way for a new one. At that stage, the provisions of the twenty-fourth section of the Act of May 5, 1899, determined the rights and duties of the parties, viz: "Inspectors of buildings shall upon the application of any owner or owners of any building, or their authorized agents, or upon the application of any person or persons about to erect any new building or buildings, examine any or all existing party or division walls, and if they are deemed by the inspector to be defective, out of repair, or insufficient and unfit for the purpose of the old building existing upon the adjoining premises, or of the new building about to be erected, such party or division wall or walls shall be repaired or made good or taken down by the parties building, as the inspector's decision may be. In every case where such wall or walls are defective, out of repair, or insufficient for the purpose of the buildings there existing upon the adjoining premises and using the same, the cost or expense of the new wall or walls to be erected in lieu thereof, shall be borne and paid by the owner of said buildings upon the adjoining premises and the party erecting the new buildings, in proportion to the amount of such wall or walls which is or shall be respectively used by their said buildings; and in every case where such wall or walls are defective, out of repair, or insufficient only for the purpose of the new building, the cost and expense of such repair or removal, together with the expense of the new wall or walls to be erected in lieu thereof, shall then be borne and paid exclusively by the parties erecting the new buildings, and they shall also in such case make good all damages occasioned thereby to the adjoining premises."

The old party wall was satisfactory to the adjoining owners, but when the building of the defendant was torn down it was ascertained that it was not on an exact straight line, having a curve, or what the appellee's wit-

nesses called "a bulge," so that along the middle of the party line the wall extended from two to four inches more than the deeds called for, into the appellee's property. This was demonstrated by an official survey, and there is no controversy between the parties in regard to the fact that the wall was correct in location in the front and rear ends of the lot. The building inspectors of the city condemned the old party wall as insufficient to support the proposed new building, and the new one was built its entire length along the exact property line. This resulted in causing a short gap or opening between the properties, so that the joists of the plaintiff's building, in some places barely touched the new wall and in others did not reach it so as to have any support; for this reason it became necessary for the plaintiff to remove the wooden joists, replace them with an iron beam and other construction, which resulted in rental losses and an expenditure for repairs in order to properly protect her building. This action is instituted to recover for these repairs, and the jury returned a verdict in favor of the plaintiff.

It is conceded that the new wall was not negligently built, but was constructed in strict compliance with the law in force regulating this subject, and also that certain damages necessarily resulted from changing the line of the party wall. While there is some controversy in the testimony as to the amount, we accept the conclusion reached by the jury as a fair answer to the defendant's contention on that phase of the case. The challenge to the constitutionality of the Act of 1899, cannot be seriously considered. Prior to the Constitution of 1874, municipal corporations were authorized, by legislative enactments, to regulate party walls. The Acts of Feb. 24, 1721, and of May 7, 1855, provided for regulation and inspection of buildings in Philadelphia. The Act of May 7, 1855, p. 464, regulated party walls, and the Act of April 3, 1851, (General Borough Act) regulated party walls of buildings, etc., in boroughs. The Bul-

litt Bill (June 1, 1885, P. L. 37), continued the existence of the Board of Building Inspectors, with the powers and duties then vested in it by law, and attached it to the Department of Public Safety. Subsequent legislation on the same subject recognized a party wall regulation as a proper matter for municipal control, and it has been so generally adopted as one of the proper items for local legislation, that we cannot now hold that it was in violation of the constitutional prohibition in regard to class legislation, in the light of many decisions on substantially the same class of cases.

It must be conceded, that the changes which the defendant deemed necessary were made so by the improvement of his own property, and the damage done in rebuilding the party wall under the statutory and municipal regulations should not be borne by the plaintiff, when all the resultant advantages accrued to the defendant. Had the bulge been in the other direction, the argument urged by the appellant would be a complete answer to his contention. The old wall must be considered as a consentable line in place, more than twenty-one years, and adopted as such by each owner. The defendant changed that line for his advantage, and having profited by the change, he should bear the burden of compensating his neighbor for the resultant damages. The acts of assembly were intended to provide for such contingencies: Lennig v. Dougherty, 45 Pa. Superior Ct. 198.

The judgment is affirmed.