C. H. BRACHT, Appellant, v. FRANK JOHNSON et al, Respondent.

Kansas City Court of Appeals, February 15, 1915.

1. **FERRY: Anchorage: Permissive License.** During a period of more than ten years a ferryman tied his cable, which spanned the river and with which he operated his ferry, to a tree on the plaintiff's land. No objection was made by the owner and no word about a contract or compensation was ever had. *Held*, to be a mere permissive license.

2. ————: **Joint Action.** Where two men, separately and at different times, have a license to run a ferry, each using a certain tree on the land of a third party, there is no joint liability.

3. ————: **Use and Occupation: Landlord and Tenant.** In an action for use and occupation for the use of a tree on another's land, there must be evidence, express or implied, of the relation of landlord and tenant.

Appeal from Gasconade Circuit Court—*Hon. R. A. Breuer*, Judge.

AFFIRMED.

*J. H. Schaper* and *Robert Walker* for appellant.

*August Meyer* and *J. W. Hensley* for respondent.

ELLISON, P. J.—This action was begun before a Justice of the Peace by filing the following written statement: "Frank Johnson and Christ. Johnson, to C. H. Bracht, Dr. For use and occupation of real estate of said C. H. Bracht for anchorage of cables and ferry boat on the west side of the Gasconade river, at Fredericksburg, in Gasconade county, Missouri, in operating a ferry boat over and across said river at said place for ten years from May 26, 1903, to May 26, 1913, said use and occupation having been with the consent of said C. H. Bracht and for the benefit and profit of said Frank Johnson and Christ Johnson, and being of the reasonable value of two hundred dollars ($200)."

Plaintiff had judgment before the justice and defendant appealed. At the close of the evidence for plaintiff the circuit court directed a verdict for defendants and plaintiff has brought the case here.

It seems that the land was on the bank of the Gasconade River and was owned by the "A. O. U. W." and that lodge sold it to plaintiff. Before plaintiff's purchase defendant Frank Johnson obtained a license for a ferry and operated the ferry boat by means of an

overhead wire or cable which he fastened to the "fork of a tree" on the bluff standing near forty-five feet above the river at its usual stage. He tied the cable to the tree with the permission of the "A. O. U. W." and that was the situation when plaintiff bought. Defendant Frank, operated the ferry until his five-year license expired in February, 1906. Then defendant Christ obtained a license and operated it until February, 1912. Then defendant Frank again obtained a license and was operating it in May, 1913, when this action was begun. During all these years, at least up to about the time the suit was brought, no objection was made to this "anchorage," nothing was said about a contract, nor was there ever any mention of compensation.

Undoubtedly there was a mere permissive license by the "A. O. U. W." continued on by plaintiff (Pitzman v. Boyce, 111 Mo. 387) and a charge for this permission is an afterthought.

Besides there was no right of action jointly; Haseltine v. Messmore, 184 Mo. 298. The two defendants operated individually, at different times, under separate licenses. There was no ground for an action, or a judgment, against them jointly. The record shows plaintiff not offering to dismiss as to either, and thus insisting, as he did before the Justice, on a judgment against both.

It will be observed from the plaintiff's statement that he has brought the action for "use and occupation," as is provided in section 7886, Revised Statutes 1909. But that character of action can only be maintained when the relation of landlord and tenant exists. And there is no evidence here of any contract, express or implied, establishing such relation. [Edmonson, v. Kite, 43 Mo. 176; Aull Sav. Bank v. Aull, 80 Mo. 199; Young v. Downey, 145 Mo. 261, 267.]

The judgment was for the right party and is affirmed. All concur.