UNION NATIONAL BANK OF LOWELL *vs.* JOSEPH A. NESMITH & others, trustees.

Middlesex.   January 19, 1921. — March 21, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Easement. Way*, Private.

An easement, acquired by prescription, to the use of the entrance, landing places and stairways in a building, which exists as distinct from any right of way, granted or acquired without reference to the building, over the land upon which the building is erected, is lost when the building is destroyed by the intentional act of the owner of the servient estate.

PETITION, filed in the Land Court on March 12, 1920, and afterwards amended, for the registration of the title to land on the northerly side of Merrimack Street in Lowell.

The petitioner is the successor in title of one Thomas Nesmith, and the respondents are successors in title of one John Nesmith.

The petition was heard by *Davis*, J. Material facts are described in the opinion. The judge ruled "that the respondents' easement in the common entrance, stairways and landings is limited to the joint life of the respective buildings and, on the destruction of either, terminates," and to that ruling the respondents alleged an exception.

The case was argued at the bar in January, 1921, before *Rugg*, C. J., *Braley, Crosby, Pierce, & Jenney*, JJ, and afterwards was submitted on briefs to all the Justices.

*S. H. Pillsbury*, for the respondents.

*C. S. Lilley*, (*F. P. Marble* with him,) for the petitioner.

JENNEY, J.  The exceptions arise in proceedings for registration of title to land.  In or about the year 1852, John and Thomas Nesmith, then owning adjoining lots on Merrimack Street in Lowell, simultaneously erected buildings on their respective lots with a common entrance from the street, and common stairways and landing places leading therefrom to the upper stories of the buildings.

The common entrance, stairways and landings constitute the only means of entrance and exit from the street to the upper stories of the respondents' building and to and from the third floor of the petitioner's building.  The buildings remain unchanged, and the entrance, landing and stairways, half of each being on each side of the property line, have been used in common by the occupants of both buildings.  The width of the entrance from the street is a little over four feet and that of the stairways a little under six feet.

The petitioner, who is successor in title to Thomas Nesmith, proposes to tear down its building and erect a new one without providing a common entrance, stairways and landing places; it offers to provide support for the portion of the respondents' building within the space now so occupied, and to take a decree of registration subject to such right.  The respondents claim an easement of protection and support and also of way through the petitioner's building until such time as said building is destroyed or removed without the fault or voluntary act of its owner.  The exceptions do not present any question of the right to protection or support, or of rights in the partition wall.

The judge found upon facts not substantially in dispute that the respondents have an easement acquired by prescription to use and occupy the part of the entrance, landing places and stairways which are within the present building.  No question of implied grant is involved.  That doctrine arises only when an easement not granted in terms is necessary for the enjoyment of an estate conveyed; no implied grant exists except as constructively embraced in an actual conveyance.  *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 410.  *Washburn & Moen Manuf. Co.* v. *Salisbury,* 152 Mass. 346, 351.  The judge ruled, subject to the respondents' exception, that their easement in the common entrance, stairways and landing places is limited to the joint life

of the respective buildings, and on the destruction of either terminates.

Where there is an easement of way through a building as distinguished from such right upon and over land without reference to a structure thereon, the incorporeal hereditament is measured and limited by the existence of the structure in which it only can exist and be exercised; and the person owning the easement by the evident intent of the parties has no easement in the servient estate apart from the building. If the structure ceases to exist, the right ends as there is nothing upon which it can be exercised. This is because the owner of the servient estate is not obliged to replace the building when it ceases to exist by reason of decay, earthquake, tornado, fire, or its destruction otherwise caused without the fault or act of the owner. *Shirley* v. *Crabb,* 138 Ind. 200. *Bonney* v. *Greenwood,* 96 Maine, 335. See *Stockwell* v. *Hunter,* 11 Met. 448; *Ainsworth* v. *Mount Moriah Lodge,* 172 Mass. 257. The same result follows where the building on the dominant tenement is destroyed by voluntary or involuntary act, or is substantially changed. The right is not one appurtenant to the estate as a whole, but is limited by intendment to the building in connection with which it is used. *Cotting* v. *Boston,* 201 Mass. 97. *Allan* v. *Gomme,* 11 Ad. & El. 759.

In the opinion of a majority of the court, the easement is also lost when the building is destroyed by the intentional act of the owner of the servient estate. The person entitled to such right has no interest in the land as such. This is settled by the principles already stated. He cannot compel the servient owner to maintain thereon a building, and restrain him in the use of his land by preventing a change in the manner of its enjoyment, and thereby impose what is in principle and effect a restriction upon the use of the land. The parties did not intend to and did not create a right of any greater permanency in the use of the petitioner's building than was assured by the character of the structure and the likelihood that the owner would not for a considerable time change the manner of the use of his premises. This is the reasonable construction of their rights. Compare *Hubbell* v. *Warren,* 8 Allen, 173. In *Cotting* v. *Boston, supra,* at pages 101, 102, it is said: "It has frequently been decided that a right of way through a building, in the absence of plain words to the

contrary, incumbers the servient estate only so long as the building exists described in the instrument creating the right of way. We can think of no sound principle of law which prevents the extinction of a right of way with the destruction of the building upon the dominant estate, when it seems reasonable that such was the intention of the parties."

The case is distinguishable from *Hartford* v. *County of Hartford*, 49 Conn. 554, and *Bartlett* v. *Peaslee*, 20 N. H. 547. It is not within the authorities involving the right of support or in party walls. The latter clearly contemplates an interest in the land. A party wall is a part of each house and each owner has an equal right in the whole wall with the other. *Everett* v. *Edwards*, 149 Mass. 588. The right of support of a building by that of an adjoining owner, where it exists at all, is ordinarily reciprocal in its nature, and is an extension of the common law doctrine forbidding an owner of land to withdraw its natural support from his neighbor. See *Gilmore* v. *Driscoll*, 122 Mass. 199; *Adams* v. *Marshall*, 138 Mass. 228.

*Exceptions overruled.*