FRANK F. RUDDERHAM *vs* EMERY BROS. *et al.*

JULY 10, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This bill in equity is brought to compel the respondents to keep open a doorway between premises occupied by the respondents, Emery Brothers, and used by them in the conduct of a bowling alley business, and premises occupied by the complainant and used by him for a pool and billiard business.

The case was tried by a justice of the Superior Court upon bill, answer and agreed statement of facts and he rendered a decision denying the relief prayed for and dismissing the

bill. Final decree was entered in accordance with the decision and the complainant has brought the cause to this court by his appeal. The reasons of appeal are to the effect that the decree is against the law and the evidence and that the complainant should be granted the relief prayed for.

In May, 1918, the respondents, Emery Brothers were the lessees under two leases from the Lederer Realty Corporation, of the second floors in adjoining buildings in Providence; one building located on Mathewson street and the other on Washington street. They conducted a pool and billiard business in the Mathewson Street Building and a bowling alley business in the Washington Street Building. There was a doorway in the walls between the buildings on the second floors thereof so that patrons of the games could walk from one building into the other. In the lease the Emery Brothers had of the Bowling Alley Building on Washington street it was provided that there should be a passageway to Mathewson street for the accommodation of the second floor of the Bowling Alley Building.

The lease the Emery Brothers had of the Mathewson Street Building terminated May 31, 1921, and May 20, 1918, they secured a renewal of it from the Lederer Realty Corporation so that it terminated May 21, 1926. In the renewal lease it was provided that the right to a passageway granted to the Emery Brothers in their lease of the Bowling Alley Building be cancelled and a substitute passageway leading through the doorway in dispute over the stairway from Mathewson street to the second floor of the Mathewson Street Building was granted to take the place of the right to the cancelled passageway.

Immediately after the renewal of the lease of the Mathewson Street Building the Emery Brothers sold to the complainant the pool and billiard business in said building and all of their personal property used in connection therewith. It also assigned the lease and the Lederer Realty Corporation gave its written assent to the assignment. The complainant took immediate possession of the pool and billiard

business and has conducted it ever since. The assignment of the lease by the Emery Brothers to the complainant contained recitals to the effect that the hallway and stairway of said Mathewson Street Building was used as a means of ingress and egress by persons desiring to go to the second floors of both of said buildings and the complainant agreed with the respondents, Emery Brothers, that the hallway and stairway would, in so far as he had control of the same under the lease and the extension thereof, be kept open for the mutual benefit and advantage of the second floors of each of the buildings and of the businesses therein carried on, but was to be bound by this agreement only as long as the bowling alley business should be conducted on the second floor of the Bowling Alley Building. The parties also mutually covenanted and agreed that the doorway leading from said second floor of the Mathewson Street Building should be kept open for the mutual benefit and advantage of the business conducted on the second floor of the building and provided that this covenant and agreement should bind the parties thereto only so long as the bowling alley business should be conducted on the second floor of said Bowling Alley Building and the billiard and pool business should be conducted on the second floor of said Mathewson Street Building.

January 31, 1921, the Bowling Alley Building, occupied by Emery Brothers, was completely destroyed by fire. The Lederer Realty Corporation, acting under authority of a clause in its lease and by mutual consent cancelled the lease of the Bowling Alley Building and took possession of the land. As soon as practicable the Corporation caused a new building to be constructed on the same site and called it the Washington Building. This building covers more land than the Bowling Alley Building did, has deeper foundations, and is two stories higher. The Emery Brothers took a lease of the second floor of the new Washington Street Building, May 22, 1922, but did not enter into occupation of the premises until the following September. They are now

occupying said floor under said lease and using it for the purpose of conducting a bowling alley business therein.

The new building is so constructed that in its wall adjoining the Mathewson Street Building there is an opening corresponding to the doorway in the easterly wall of the Mathewson Street Building which is the same as the doorway formerly existing between the Mathewson Street Building and the Bowling Alley Building. A fire door has been placed in said opening in the wall of the new Washington Street Building and it has been closed and locked by the Lederer Realty Corporation since the occupancy of the new building by the Emery Brothers. The complainant seeks by this suit to enjoin the respondents from keeping said door closed and to recover damages for the injury to his business during the period he has been deprived of the benefit of the patronage which might have come to him had the door not been closed. The new lease to the Emery Brothers provides that, "the lessees shall during the term hereof have the use of all entrances and exits leading to and from the second floor of said building, excepting herefrom the use of the entrance through the premises now occupied by Frank F. Rudderham (the complainant)."

The complainant contends that the continued existence of the Bowling Alley Building was not a condition necessary for the continuance of his right to use said doorway; that he has the right to have access from the second floor of the new building occupied by the respondents, Emery Brothers, through said door; and that the respondent Lederer Realty Corporation, having assented to the transfer of the lease of the Mathewson Street Building by Emery Brothers to him is estopped from keeping said door closed. The respondents claim that any rights acquired by the complainant related solely to the Bowling Alley Building, and ceased when the building was destroyed by fire.

The complainant does not contend that he acquired any right to the land held by the Lederer Realty Corporation

and makes no claim that it was under any obligation to erect another building on the site of the Bowling Alley Building after its destruction by fire or to lease space in the new Washington Street Building to the Emery Brothers.

The question raised by the complainant is, whether the easement of ingress and egress through said doorway was extinguished by the destruction by fire of the Bowling Alley Building? Generally speaking, the right to the use of a particular part of a building for any special purpose by the owner of adjacent property terminates with the destruction of the building, and the courts will only hold otherwise in cases where a different intention is plainly manifested by the language of the grant. It is clear that where a right has been granted in a particular building of another, which does not involve any interest in the soil apart from the building, that said right is extinguished by the destruction of the building, for the obvious reason that nothing remains on which it can operate. 19 *Corpus Juris.* Sec. 173, p. 955. The cases of *Brechet* v. *Johnson Hardware Co.*, 139 Minn. 436 and *Cohen* v. *Kutner Co.*, L. R. A. 1918 D, 410, are in point and support the propositions that where a complainant's rights have previously been limited to a specific building the destruction of the building is conclusive of those rights, and that such rights terminate upon such destruction and will not revive by the erection of a new structure upon the same premises, even though such new structure may occupy the same relative position on the land as the old building.

Our conclusion is that the total destruction by fire of the Bowling Alley Building terminated and extinguished whatever rights the complainant acquired to use said doorway by virtue of the assignment of the lease of the Mathewson Street Building from the Emery Brothers to him and that he has no right to use the doorway in the Washington Street Building. The decision of the justice of the Superior Court on this issue was correct.

The complainant's appeal is dismissed, the decree of the Superior Court appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Patrick P. Curran, Hoyt W. Lark, Green, Curran & Hart,* for complainant.

*Curtis, Matteson, Boss & Letts,* for respondents.