JOHN A. SULLIVAN *vs.* WILLIAM L. DONOHOE & others.

Suffolk.    May 15, 1934. — June 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Party Wall. Way,* Private.

Along the boundary line of two adjoining lots of land and between old
buildings on the lots ran a covered passageway which occupied eighteen
inches of each lot, and had side walls of brick eight inches wide. A
party wall between the buildings rose from the center of the roof of the
passageway and was supported by the side walls thereof. Each land-
owner had an easement by grant in the passageway, which was to be
kept in repair at equal expense to them and was never to be less than
three feet wide. One of the landowners tore down the building on his
lot, leaving the party wall and the top and side wall of the passageway
located thereon. The side wall so left became dangerous and was con-
demned by the municipal authorities, who ordered it replaced by a wall
twelve inches wide. The other landowner rebuilt the side wall as
ordered, and extended it four inches farther on the first landowner's
lot than the old side wall had extended. In a suit in equity by the first
landowner against the second to enjoin such use of the additional four
inches of the plaintiff's land, it was *held,* that

(1) Notwithstanding the demolition of the plaintiff's building, the
defendant was entitled to have the party wall and the side wall in
question remain for the support of his own building;

(2) In the circumstances, the defendant was not required to lessen
the width of the passageway for the purpose of rebuilding the side
wall to a greater width; he was entitled to use the additional portion
of the plaintiff's land necessary for that purpose;

(3) The suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on June 23,
1933, described in the opinion.

The suit was referred to a master. Material findings by
him are stated in the opinion. By order of *Whiting,* J.,
there were entered an interlocutory decree confirming the
master's report, and a final decree dismissing the bill and
ordering the plaintiff to pay the defendants Donohoe cer-
tain damages under their counterclaim. The plaintiff ap-
pealed from the final decree.

The case was submitted on briefs.

*F. H. Harding*, for the plaintiff.

*R. J. Hartford & F. L. Norman*, for the defendants Donohoe.

LUMMUS, J. The plaintiff and the defendants Donohoe (whom we will call simply the defendants) own adjoining lots, with a frontage of twenty-three feet each, on the westerly side of Albany Street in Boston, the plaintiff's lot being the more northerly. The entire front of each lot was occupied by a building about ninety years old. Access to the rear of the lots was had by a common covered passageway along the boundary line between the lots, occupying apart from walls eighteen inches of the width of each lot. Each party had an easement by grant in this passageway, which was to be kept in repair at equal expense to the parties and was never to be less than three feet wide and six feet high. In fact, it was seven feet high. The top of the passageway was a flat brick surface, and from the center of the top rose a brick party wall for the two buildings, eight inches thick, four inches on each side of the boundary line. The weight of this party wall was ultimately carried on the eight-inch brick walls forming the sides of the passageway.

In 1933 the plaintiff tore down his building, leaving the party wall, and the top and side wall of the passageway. Because of the method employed in the demolition of the plaintiff's building, the passageway wall on the plaintiff's lot began to bulge and lean and became dangerous. The building department of the city of Boston condemned it, and ordered it replaced by a twelve-inch brick wall. The defendants asked the plaintiff to pay half the expense, and he refused, saying that he had no further use for the wall. The defendants proceeded to replace the wall. They found that the old wall rested on granite capstones placed on top of piles. These capstones extended northerly beyond the wall, on the plaintiff's lot, as much as three feet in some instances. For the capstones the defendants substituted a cement capping which extended approximately six inches less to the north than the granite capstones.

The new brick wall extended four inches farther to the north than the old wall.

The plaintiff brought this bill to restrain the defendants from using for the new passageway wall the additional four inches of the plaintiff's land. Whether the defendants had the right to use that additional strip is the only question argued. If they had, the plaintiff does not deny that the decree dismissing his bill and awarding certain damages to the defendants on their counterclaim, was right.

The defendants were entitled, notwithstanding the demolition of the plaintiff's building, to have the party wall remain for the support of their own. *Everett* v. *Edwards,* 149 Mass. 588. *Fleming* v. *Cohen,* 186 Mass. 323. *Union National Bank of Lowell* v. *Nesmith,* 238 Mass. 247, 250. *Dowling* v. *Hennings,* 20 Md. 179. *Brondage* v. *Warner,* 2 Hill (N. Y.) 145. They were not allowed by the public authorities to maintain the wall, and the passageway to which they were entitled, without increasing the thickness of the passageway wall to the north, on the land of the plaintiff. They owed the plaintiff no duty to use four inches of the passageway for that purpose, and thus diminish their easement. There was no practicable method of making the wall safe in accordance with the requirements of the public authorities, except that which they adopted. The defendants, having a right to the wall, had a right to use the few additional inches of the plaintiff's land which were necessary to the enjoyment of that right. *Matthews* v. *Dixey,* 149 Mass. 595, 596, 599. When an easement or other property right is created, every right necessary for its enjoyment is included by implication. *Allen* v. *Scott,* 21 Pick. 25, 29, 30. *Johnson* v. *Knapp,* 146 Mass. 70, 75. *Crabtree* v. *Miller,* 194 Mass. 123, 126. *Harvey* v. *Sandwich,* 256 Mass. 379, 384, 385. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100.

*Decree affirmed with costs.*