CARLEY v. LAWRENCE et al.

No. 9654.

United States Court of Appeals Seventh Circuit.

Oct. 22, 1948.

Rehearing Denied Nov. 13, 1948.

Roland Obenchain, of South Bend, Ind., Charles E. Yarlott, of Logansport, Ind., and Clinton S. Courson, of Dayton, Ohio, and E. H. & W. B. Turner, of Dayton, Ohio, for appellant.

Albert H. Cole and Albert H. Cole, Jr., both of Peru, Ind., for appellees.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

KERNER, Circuit Judge.

Plaintiff appealed from certain paragraphs of a decree which determined the rights of adjoining owners of tenements in the City of Logansport, Indiana. Federal jurisdiction is founded upon diversity of citizenship and an apparent requisite amount in controversy. The trial judge made the necessary findings of fact and conclusions of law from which a decree in accord with was drawn.

The complaint alleged that for a period of more than thirty years plaintiff was the owner in fee simple of a parcel of land in the City of Logansport, the west boundary of which was identical with the east boundary of a parcel owned by defendant Lawrence; that for some sixty-two years, until 1942, a three-story, and then shortly after erection a four-story, building stood entirely on plaintiff's lot; that in 1942, in ac-

cordance with an order of the State Fire Marshal, plaintiff removed the top three stories of her building and repaired the first story; that as part of the demolition she removed the fourth story of the wall and recapped the third story; that Lawrence acquired his lot in 1943 after the partial demolition of plaintiff's building; that since 1885 there has been situated on his lot a three-story building which still stands; that no east wall was ever built for this building; that the east ends of the joists of this building were placed and still remain in plaintiff's west wall; that no written agreement relative to the use of this wall appears in the public records of the county; that plaintiff of her own knowledge does not know whether there ever existed any agreement, either written or oral, concerning the use of the wall in question; that the wall in question is in a bad state of repair and unsafe for the support of Lawrence's building; that in 1946, after the partial demolition, Lawrence, without notice to or consent of plaintiff, cut three large openings in the wall and installed three windows therein; and that this construction caused damage to plaintiff's roof and further weakened the wall.

The complaint prayed that the court determine the rights of the parties and declare that the wall in question is not a party wall; that what right Lawrence had, is by prescriptive easement; that the prescriptive easement of support has ended by reason of the unsafe condition of the wall; and that plaintiff has the right to demolish it after the giving of reasonable notice to Lawrence. Certain other parties, a tenant in possession of the Lawrence building, the mayor of the City of Logansport, and the individual members of the Administration Building Council of Indiana, were made party defendants. The complaint was later dismissed as to members of the council, and the first two parties were defaulted for failure to plead. For the purposes of this appeal we need not be concerned further with these defendants.

After answering the complaint Lawrence filed a counterclaim in which he stated that the wall in question, in addition to supporting the joists upon which the three floors of his building rested, supports upright steel columns which in turn support steel beams extending to the opposite wall at both the second and third floors of his building; that openings are provided in the wall for soil pipes for the discharge of sewage and for flues for the escape of smoke and gas for the benefit of his building. He prayed that the wall in question be declared a party wall; that he be adjudged to have an easement for the support of his building; and that plaintiff be ordered to restore the wall to render it fully adequate for the support of his building. Thereafter the parties entered into a stipulation in which they agreed upon the facts averred in the pleadings as essentially outlined above, but they continued to maintain opposite conclusions in regard to the same facts.

The salient facts found by the District Court were that the wall in question stood partially upon the land of the plaintiff and partially upon the land of Lawrence; that after the partial demolition of plaintiff's building the wall above the first story was and is unsafe and structurally unsound; that for approximately sixty years the wall has been used by the owners of the Lawrence building for shelter and support, which use has been adverse, open and notorious; and that the installation of windows by Lawrence subsequent to the partial demolition was done without plaintiff's knowledge and consent, and caused damage to the plaintiff's building of $155. The court thereupon concluded as a matter of law that Lawrence has an easement in the wall for the shelter and support of his building, which easement runs with the land; that the wall to the extent described above is in effect a party wall; and that Lawrence be required to make the second and third stories of the wall safe and structurally sound to support his easement. As to plaintiff's premises, the court concluded that Lawrence has no right to increase the burdens of the prescriptive easement in the wall; that he be required at his expense to remove the openings made by him in the wall; and that plaintiff is entitled to a judgment for $155 as damages for the injury done to her property. Finally, the court concluded that the costs of the action be borne equally by the plaintiff and by Lawrence.

The general rule is that a right of support for a building by another building cannot be acquired by prescription. There is a clear-cut exception, however, that a right in the use of a party wall may be acquired by prescription if it involves the placing of beams or other parts of a building in a wall upon adjoining land. 4 Tiffany, Real Property 557 (3rd ed.1939.). The facts in the instant case fall clearly within the exception, because, as noted in the stipulation between the parties.

"11. For more than sixty (60) years last past there has been situated a three-story brick building on the Lawrence lot.

"12. * * * no east wall for the building on the Lawrence lot was ever built on the Lawrence lot. The East ends of the joists and rafters of said building were placed in said 13 inch wall and have ever since remained there * * *"

The applicable Indiana law is that if a claim of easement is to be sustained it must be based upon a grant, either expressed or implied. Cartwright v. Adair, 27 Ind.App. 293, 61 N.E. 240. Moreover, if the wall in question is situated upon each of two adjoining parcels of land owned by different persons, this right of support is an easement, a grant of which may be implied from its enjoyment for the period of prescription. Briggs v. Klosse, 5 Ind.App., 129, 134, 31 N.E. 208, 51 Am.St.Rep. 238. Under the circumstances herein the fact that the wall stood partially on the land of the opposing parties and the fact that support afforded by the plaintiff's wall to Lawrence's building was open, adverse and notorious for a period in excess of the prescriptive period, we think that a grant to use the wall as a party wall may be implied. See Barry v. Edlavitch, 84 Md. 95, 35 A. 170, 33 L.R.A. 294.

Plaintiff argues that the wall was not strictly a party wall. But the cases cited by the plaintiff for this proposition are merely illustrative of the strict rights acquired under a prescriptive easement, Brown & Hamilton Co. v. Johnson, 251 Pa. 378, 96 A. 823, or obiter regarding the rights of an alleged servient owner before the running of the period of prescription. Nabers v. Wise, 241 Ala. 612, 4 So.2d 149.

In no wise are the legal tenets advanced in these cases contra to the applicable law previously noted.

Plaintiff's principal contention, however, is that what easement of support was enjoyed by the Lawrence building prior to 1942 was extinguished with the demolition of her building. She argues that this easement of support attached to her building and not to her land; that the demolition of her building above the first story destroyed the easement despite the fact that the wall itself remained. There is considerable authority for this contention, Hoffman v. Kuhn, 57 Miss. 746, 34 Am.Rep. 491; Partridge v. Gilbert, 15 N.Y. 601, 69 Am. Dec. 632; and Hieatt v. Morris, 10 Ohio St. 523, 78 Am.Dec. 280. In the Hoffman case, wherein the Partridge case was cited with approval, the facts were that a true party wall existed and a fire completely destroyed plaintiff's house and partially destroyed the defendant's house. The court held as a matter of law that as plaintiff's house was destroyed without fault on his part he could treat the easement as at an end, because otherwise he would be obligated to the other party to rebuild in exactly the same manner and style as previously. This the court considered an excessive burden upon the rights of the land owner. We agree. The facts in the Hieatt case were that the defendant as the owner of a building separated by a supporting partition wall from plaintiff's building, desirous of erecting a building better adapted to the increased value of the property, notified plaintiff of his intention to remove that portion of the wall on his lot, and that after notice and despite due care for the wall standing on plaintiff's lot he removed his portion of the wall, but during this operation the entire wall fell and was destroyed. The court held that as the division wall was created by an agreement between separate grantors to the parties at bar no true party wall existed, and that the question of an existence of an easement depended upon a construction of the contract creating the wall. Finding no express stipulation as to the duration of the joint use in the contract, the court held that under the circumstances of the changed material conditions of the property, a rea-

sonable construction of the contract was that no cause of action was stated. These authorities stand for the rule that an easement of support ceases upon destruction of the buildings if the servient owner is unduly burdened in the reconstruction of his wall or building. We do not quarrel with this rule but we question its applicability here.

■ The applicable rule, we believe, is that if the right of support is created by an implied grant of necessity, the destruction of one of the buildings separated by a wall does not extinguish the easement of the dominant owner in the wall. Commercial National Bank v. Eccles, 43 Utah 91, 134 P. 614, 46 L.R.A.,N.S., 1021, Ann.Cas.1916C, 368; Sullivan v. Donohoe, 287 Mass. 265, 191 N.E. 364; Lexington Lodge v. Beal, 94 Miss. 521, 49 So. 833; 3 Tiffany, Real Property 373 (3rd ed.1939). A statement of the Commercial case should be sufficient to illustrate this rule. In this case the plaintiff had purchased an easement in a wall which separated the buildings of the litigants. A fire destroyed the other's building, and although the wall remained standing its use was rendered useless as to him. But under the existing conditions the necessary support by the wall to the remaining building continued. The defendant desiring to erect a new building which could not be safely supported by the wall contended that the fire had destroyed plaintiff's easement. The court held that the plaintiff's easement remained, and while the defendant might be permitted to remove the wall to construct a new one, the plaintiff was awarded the same easement of support he then enjoyed in the present wall.

■ The necessity for the application of this second rule to the instant facts is clear. Here defendant enjoyed an easement of support in a wall dividing separately-owned buildings. By order of the public author-ities plaintiff was compelled to demolish her building. She removed the top three stories and the fourth story of the wall. She had the first story reconstructed into a one-story business building. The balance of the wall was left standing and it continues to serve, though in a weakened condition, as the east wall of Lawrence's three-story building. The building remaining on the servient tenement continues to use the first story of the wall. The pleadings disclose no plans for a contemplated new building, nor any changes of material conditions. The District Court decreed, and we agree, that Lawrence and his predecessors in title have acquired and now have an easement in the wall.

Plaintiff has called our attention to other cases on which she heavily relies. The principal ones are Shirley v. Crabb, 138 Ind. 200, 37 N.E. 130, 46 Am.St.Rep. 376, and Rudderham v. Emery Bros., 46 R.I. 171, 125 A. 291, 34 A.L.R. 602. They hold under their own particular facts that if the easement is a right of way through a building or is the right to use a doorway in a building the easement is limited by the existence of the servient structure, and that it is extinguished upon the destruction of the building. They are hardly applicable to the instant facts.

In his counter-claim Lawrence, among other things, prayed that an injunction be issued compelling plaintiff to render the wall adequate for the support of his building. In the decree the District Court adjudged the wall unsafe and ordered that Lawrence be required to make the necessary repairs to make the wall safe. Lawrence has not appealed the decree and we need not consider it, but we do think it fitting in view of the facts herein to commend Judge Swygert upon his eminently fair disposition of the case.

Affirmed.