FREDERICK M. STURNICK *vs.* JOSEPH F. WATSON.

Suffolk.    April 1, 1957. — May 31, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Adverse Possession and Prescription. Easement. License. Equity Pleading and Practice*, Findings by judge.

Even though a conveyance of premises on which was entirely located a brick wall of a building supporting timbers of a building on adjoining premises operated as a revocation of a license to the owner of the adjoining premises to use the wall for the support of the timbers, a

continuance of such use after the conveyance was *not necessarily* adverse to the owners of the conveyed premises, and, where such continued use for more than twenty years prior to a request for the removal of the timbers from the wall was found to be permissive by a finding which on the record must stand, a conclusion was required that an easement for such support of the timbers by prescription had not been established. [142–143]

Findings by a judge in a report of material facts in a suit in equity in which the evidence was not reported must be taken as true unless they are inferences from subsidiary findings or are inconsistent with each other or with the pleadings. [143]

BILL IN EQUITY, filed in the Superior Court on March 26, 1956.

The suit was heard by *Quirico,* J.

*Richard S. Miller & Lester B. Snyder,* for the plaintiff.

*John L. Murphy,* (*John L. Murphy, Jr., & Arthur A. Karp* with him,) for the defendant.

SPALDING, J. The objective of this bill in equity is to enjoin the defendant from destroying a brick wall of a building owned by him which supports both his building and one owned by the plaintiff. The defendant's answer included a counterclaim in which he asked that the plaintiff be ordered to remove the timbers of his building from the defendant's wall.

The judge made findings of material facts which include the following. The plaintiff owns a parcel of land on Hanover Street, Boston, on which there is a building numbered 39–41. Adjoining the plaintiff's premises is a lot owned by the defendant on which there is a building numbered 43–45. Both buildings are supported in part by a common party wall which extends southerly from Hanover Street a distance of about 30.54 feet. (No controversy exists with respect to this wall.) Starting from the end of this party wall and extending southerly an additional distance of about 52.88 feet there is a brick wall built entirely upon the defendant's land. Both buildings are supported in part by this wall, and the easterly ends of the timbers and floor supports of the plaintiff's building rest upon it. The questions here involved have to do only with this wall.

The wall in question appears to have been built sometime before October 15, 1872. On that date the then owner of the plaintiff's premises executed a lease of the premises in which there was a reference to a license given by the defendant's predecessors in title to use the wall for the support of the timbers of the leased premises.

On March 18, 1881, one Farrington, who then owned the plaintiff's premises, executed and delivered to certain persons then owning the defendant's premises as trustees a duly acknowledged instrument whereby Farrington expressly disclaimed "any right or interest in" the wall in question and agreed on behalf of himself, his heirs, representatives and assigns to remove the timbers from the wall whenever requested to do so by the trustees. Farrington further promised on behalf of himself, his heirs, representatives and assigns that "neither I nor they will ever claim any right to place said timbers in said wall or to use said wall in any manner inconsistent with the full ownership, use and enjoyment of said wall and the land under the same by the owner thereof."

On February 2, 1912, the aforementioned trustees conveyed away, by a trustee deed without covenants, the premises now owned by the defendant.

No right or easement relating to the wall was ever expressly granted to the plaintiff or his predecessors in title.

The defendant's building is in a very poor state of repair and the defendant desires to demolish it, and has commenced to do so. Since the demolition will include the tearing down of the wall in question, the defendant on March 27, 1956, requested the plaintiff in writing to remove the timbers of his building from the defendant's wall. The plaintiff brought the present suit to enjoin the destruction of the wall.

The judge found that when the wall was first used as a support by the plaintiff's predecessors in title the use was permissive and not adverse; that neither the plaintiff nor his predecessors in title ever claimed or asserted any right or easement to use the wall adverse to the defendant or his

predecessors in title; and that until about March 27, 1956, the use of the defendant's wall by the plaintiff and his predecessors in title "was at all times with the consent and permission of the defendant and his predecessors in title." The judge concluded that "the plaintiff has not acquired by grant, by prescription, or otherwise any right or easement for the use of the defendant's wall for the support of the plaintiff's building; that the plaintiff has no right to continue to use said wall for the support of his building or the timbers or any other part of said building; that he is required to remove said timbers in so far as they rest upon or are supported by the defendant's wall; and that the defendant has the right to remove said wall from his premises." From a final decree entered in accordance with these conclusions and dismissing the bill, the plaintiff appealed. The evidence is not reported.

The plaintiff has no easement for lateral support with respect to the defendant's wall by way of grant, and does not contend that he has. But he does contend that he has such an easement by prescription. He concedes that down to February 2, 1912, the use of the wall by his predecessors in title was under license. But on that date the premises now owned by the defendant were conveyed by the trustees, who then owned the property, to another. This conveyance, the plaintiff argues, operated as a revocation of the license, and the use of the wall thereafter was a trespass and hence adverse. It doubtless is the law that a license to use another's land is revocable not only at the will of the owner of the property on which it is to be exercised, but by alienation of the land by him. *Hodgkins* v. *Farrington*, 150 Mass. 19, 21. *Scioscia* v. *Iovieno*, 318 Mass. 601, 603. But it does not follow that, if the licensee continues to use the land as before, such use is necessarily adverse to the new owner. See *Bond* v. *O'Gara*, 177 Mass. 139, 142–143. Whether the use after the conveyance was permissive or adverse was a question of fact and on this issue the plaintiff had the burden of proof. *Bigelow Carpet Co.* v. *Wiggin*, 209 Mass. 542, 547–548. *Tucker* v. *Poch*, 321 Mass. 321, 323.

The judge found that the use of the wall was permissive down to March 27, 1956, when the defendant requested the plaintiff to remove the timbers from his wall. There being no report of the evidence, the facts reported by the judge, except to the extent that they are inferences from subsidiary findings or are inconsistent with each other or with the pleadings, must be taken as true. *Turner* v. *Morson*, 316 Mass. 678, 681. We find nothing in the judge's findings that is in any way inconsistent with his finding that the use of the wall after the conveyance was permissive, and this finding must stand. It is decisive of the case. *Bigelow Carpet Co.* v. *Wiggin*, 209 Mass. 542, 548.

In view of this conclusion, we are not called upon to decide, as the defendant urges, that even if the plaintiff had an easement for support by prescription it would last only so long as the servient building existed. See *Union National Bank* v. *Nesmith*, 238 Mass. 247, 249; *Ansin* v. *Taylor*, 262 Mass. 159; *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 108; *Hurley* v. *Guzzi*, 328 Mass. 293, 297; *Chelsea Yacht Club* v. *Mystic River Bridge Authority*, 330 Mass. 566, 568. Compare *Adams* v. *Marshall*, 138 Mass. 228; *Sullivan* v. *Donohoe*, 287 Mass. 265, 267.

> *Decree affirmed with costs of this appeal.*