524 P.2d 173

**Betty L. COOPER, Plaintiff-Respondent,**

v.

**BOISE CHURCH OF CHRIST OF BOISE, IDAHO, INC., a corporation, Defendant-Appellant.**

**No. 10781.**

Supreme Court of Idaho.

July 12, 1974.

**46**

Richard J. T. Anderson, and D. Blair Clark of Anderson, Kaufman, Anderson & Ringert, Boise, for defendant-appellant.

James B. Lynch of Coughlan, Imhoff, Christensen & Lynch, Boise, for plaintiff-respondent.

SHEPARD, Chief Justice.

Plaintiff-respondent Betty L. Cooper, record title owner of real property located at the corner of Fairview Avenue and Eldorado Street in Ada County brought this action to compel the appellant Boise Church of Christ of Boise, Idaho, Inc. to remove a large electric sign from one corner of the lot. After a non-jury trial the district court issued its judgment and decree quieting title to the property in plaintiff-respondent Cooper, declaring the defendant church had no interest in the property and enjoining the church and its successors from claiming any interest in the property. From that judgment the church has appealed.

The factual background of this controversy although complex is largely undisputed. On August 8, 1955, Mr. and Mrs. Daniel Neely contracted to sell the property in question to Mr. and Mrs. Robert W. Adams. A warranty deed conveying the property was placed in escrow, with the record title to the property remaining in the Neelys. On February 18, 1957, the Adamses executed a document purporting to convey an easement to the Boise Church of Christ.[1] Thereafter the church erected a large electric sign on the property which gave directions to the church located a few blocks distant. That document was not recorded until April 27, 1960.

On or about April 23, 1959, the Adamses executed a quitclaim deed to the property to a New Mexico corporation, House of Carpets, Inc. That deed was recorded on May 4, 1959. Appellant church submits that the quitclaim deed to the House of Carpets was void for failure to comply with the Idaho statutes governing the qualification of foreign corporations to do business in Idaho. We do not

---

1. "ELECTRIC SIGN EASEMENT
"Robert W. Adams and Ann Adams his wife, Grantors, of Bernalillo County, State of New Mexico, do hereby grant and convey to BOISE CHURCH OF CHRIST, a religious, non-profit corporation, for ONE DOLLAR and other valuable considerations, receipt of which is hereby acknowledged, an easement for the erection and continued operation, maintenance, repair, inspection and replacement of an electric sign, NEON or otherwise, advertising location of building, services etc. Said sign is to be erected on a six inch metal post with bottom of sign to be not less than ten feet from ground, post to be kept painted at all times. * * *

"in the following location, to-wit: On the corner of Fairview Ave., also known as U. S. Highway 30 and Eldorado St. Being situated on the North side of Fairview and on the West side of Eldorado St. of Boise, Idaho [hereafter followed a simple diagram of the intersection of Fairview Avenue and Eldorado Street containing the following additional information about the location of the sign:] "This is to be location of church sign, 3 ft. from sidewalk & 6 ft. from concrete curb of irrigation gate. will not interfere with school sign."

agree. *See* Land Development Corporation v. Canaday, 74 Idaho 233, 258 P.2d 976 (1953).

On or about January 6, 1964, there being an unpaid delinquency, the property was conveyed by tax deed to the Nampa and Meridian Irrigation District, which deed was recorded June 15, 1964.

After receipt of the quitclaim deed from the Adamses, House of Carpets, Inc. assumed the contract payments on the property and fully paid the purchase price. Betty Cooper was the wife of William Cooper, the president of House of Carpets. The Coopers were divorced in April of 1965 and on July 5, 1965, as a part of the Coopers' property settlement House of Carpets executed a quitclaim deed to the property in question herein to Mrs. Betty Cooper and that instrument was recorded April 5, 1966.

On September 24, 1965, the Neely to Adams warranty deed, which had been held in escrow, was mailed to the Adamses. They also had been divorced and that warranty deed was never recorded. The uncontroverted evidence indicates that merely to facilitate the title transfer of the subject property to Betty L. Cooper, on October 13, 1965, the Neelys executed and delivered another warranty deed to the property to Robert W. Adams alone (recorded on October 22, 1965) and on July 28, 1966 Robert W. Adams executed a warranty deed to the property to Betty Cooper which deed was recorded on August 5, 1966. The multiple conveyances of interests in this property came to an end on May 6, 1969, when the Nampa-Meridian Irrigation District conveyed the property to Betty Cooper by tax deed which was recorded on May 9, 1969.

The principal conflict on this appeal is the mixed question of law and fact as to the extent of the interest conveyed by the Adamses to the Boise Church of Christ through the execution of the document entitled "Electric Sign Easement." The district court found and concluded that the Adamses intended only to create a license rather than an easement and that in fact a license was the only interest conveyed.

It appears that the following factors expressed in the memorandum opinion of the district court were the primary bases for its decision. The Adamses owned only an equitable interest in the property and therefore had no power to grant an easement binding on the conditional vendors.[2] The consideration paid was nominal. The right was given only for the limited purpose of advertising church services and the location of the church building. No words of succession were used. The duration of the privilege was not specified. The document did not guarantee non-default on the part of the Adamses in performing their escrow contract, nor did the church assume any obligation to pay off any part of the contract. Although the location of the sign itself was specified with some exactness, the dimensions of the sign were not specified and there was no obligation to maintain a clear space so that the sign would be visible from the highway.

Whether an instrument purporting to convey the right to use the property of another conveys an easement or a license

"depends upon the intent of the parties as interpreted from the language use and to the extent the rules of evidence permit from the surrounding circumstances, viewed in the light of applicable rules of law, * * * and of intent." 2 G. Thompson, Real Property # 316, p. 15 (1961). *See also* Restatement of Property § 514.

The finding of the district court that regardless of the designation of the docu-

---

**2.** For authority in support of the principle that one owning less than a fee simple interest in real property cannot create a permanent easement in that property see United States v. Belle View Apartments, 217 F.2d 636 (4th Cir. 1954) ; Fred F. French Investing Co. v. Jetter, 270 App.Div. 1048, 63 N.Y.S.2d 105 (1946) ; Narron v. Wilmington & W. R. Co., 122 N.C. 856, 29 S.E. 356 (N.C.1898) ; Newhoff v. Mayo, 48 N.J.Eq. 619, 23 A. 265 (N.J.1891) ; Gridley v. Hopkins, 84 Ill. 528 (1877) ; Gentleman v. Soule, 32 Ill. 271, 83 Am.Dec. 264 (1863) ; 2 G. Thompson, Real Property § 317 (1961).

ment the parties intended only the creation of a license is supported by substantial competent evidence and will not be disturbed on this appeal.

 Appellant church has contended that it acquired a permanent easement to maintain the sign by prescription. A revocable license may continue by implication even after the transfer or conveyance of the licensor's interest in the land, where the new owner makes no objection to the use and the licensee's continued enjoyment of the license is not inconsistent with the rights of the grantee or transferee. Johnson v. Legland, 222 N.W. 272 (Minn.1928). *See also* Sturnick v. Watson, 336 Mass. 139, 142 N.E.2d 896 (1957); Bracht v. Johnson, 187 Mo.App. 220, 173 S.W. 692 (1915). No evidence was submitted to indicate that the church had changed its stance in the maintenance of the sign from a permissive to a hostile use. As we stated in the recent case of West v. Smith, 95 Idaho 550, 511 P.2d 1326, 1333 ( 1973):

> "In order for a claimant to establish that he has acquired a private prescriptive easement by adverse use, he must submit 'reasonably clear and convincing' proof of open, notorious, continuous, uninterrupted use, under a claim of right, with the knowledge of the owner of the servient tenement, for the prescriptive period. 'Under a claim of right' signifies use without recognition of the rights of the owner of the servient estate. Thus, a prescriptive right cannot be acquired if the use of the land is with the permission of its owner. Absent estoppel, permission to use the land of another can be revoked at any time, no matter how long the permitted use has continued."

The district court correctly rejected the appellant's claim of a prescriptive right and concluded that the church began and continued its maintenance of the sign under a license.

Appellant church alternatively contends that even if the right or privilege granted to the church was only a license, such license became irrevocable owing to the expenditure by the church of sums of money to erect and maintain the sign and there-

fore the doctrine of equitable estoppel dictates error in the judgment of the district court. This court has held "no estoppel can arise where there is no injury." Moen v. Minzel, 79 Idaho 228, 313 P.2d 1079 (1957).

 The records reveals that the consideration paid by the appellant church for the purported easement was $1. From the time the sign was installed in 1957 until 1968 the amounts expended for construction and maintenance of the sign were $957.85, or an average expenditure of approximately $96 per year for a ten year period of time. We conclude that the finding of the district court that the appellant church had not expended sums in excess of value received from the existence of the sign is sustained by the evidence and that the plaintiff-respondent was not barred by the doctrine of equitable estoppel from quieting the title to the property.

Judgment of the district court is affirmed. Costs to respondent.

DONALDSON, McQUADE, McFADDEN, BAKES, JJ., concur.